MILLER v. THE HARTFORD FIRE INS. CO.

1. **Fire Insurance:** POLICY: PROVISION AS TO FURNISHING COPIES OF POLICIES: CONSTRUCTION. A provision in a policy of fire insurance that in case of loss the assured must furnish the company a statement of other insurance and *copies of all policies*, does not mean that he must furnish a copy of the policy issued by that company; nor does it require a literally exact copy of other policies, but it is sufficiently complied with by furnishing copies which are substantially correct, and which contain no errors which might prejudice the company receiving them; nor does it require him to furnish copies of applications on which other policies were issued, and which were made parts of the policies and indorsed thereon.

2. ———: PROOF OF LOSS: ITEMIZED STATEMENT NOT REQUIRED. A provision in a policy that in case of loss "the assured shall render to the company a particular account of said loss" does not require anything more than a statement of the aggregate value of the property destroyed, unless a more particular account is demanded at the time.

3. **Practice:** WITNESS MAY CORRECT HIS TESTIMONY. It is within the discretion of the court to permit a witness, at any time during the trial, to correct his testimony previously given.

4. **Fire Insurance:** PROOFS OF LOSS: TIME OF MAKING. Where a policy provided that in case of loss a particular account of the loss should be furnished the company, but no time was prescribed for furnishing the same, *held* that a reasonable time was to be allowed, and that such time would depend on circumstances. And where an adjuster of the com-

pany came to the place of loss a few days subsequent thereto, and took from the assured a statement of the loss, made by the adjuster, and a few days thereafter, and subsequently, the assured caused letters to be sent to the company, inquiring what, if anything more, was necessary to perfect his proofs of loss, but to these he received no reply, *held* that he had a reasonable time after he learned that something more was wanted in which to perfect his proofs of loss.

5. ———: ———: BOOKS AND INVOICES BURNED: DUPLICATES. Where a policy provided that in case of loss the assured should submit to the company his books, invoices and vouchers for examination, and also furnish duplicate invoices for the same purpose, but the books and original invoices were destroyed by fire, and the assured made diligent but unavailing effort to procure duplicate invoices for the company's use, *held* that an action on the policy could not be defeated on account of a failure to comply with this requirement, though the assured did not communicate to the company his inability to procure the duplicates.

6. ———: OTHER INSURANCE: COMPANY BOUND BY AGENT'S KNOWLEDGE. A company cannot defeat an action on a policy on the ground that the assured made a false statement as to other insurance, when the agent taking the risk was fully informed as to the other insurance, and the conditions and terms of the policy.

7. ———: CONSTRUCTION OF POLICY: LIMITATION OF TIME OF ACTION. Where the policy provided that no suit should be brought thereon unless commenced within one year after the loss, but it also prescribed that the company would pay the loss in sixty days after proofs thereof were furnished, *held* that the year for bringing suit did not begin to run until the lapse of the sixty days from the proofs of loss. (*Ellis v. Council Bluffs Ins. Co.*, 64 Iowa, 507, followed.)

*Appeal from Bremer District Court.*

SATURDAY, OCTOBER 9, 1886.

ACTION on a policy of insurance against loss or damage by fire. Trial by jury. Judgment for plaintiff, and defendant appeals.

*A. R. West* and *Smith & Powell*, for appellants.

*Gibson & Dawson*, for appellee.

SEEVERS, J.—I. The policy of insurance was issued to John Miller, and by him assigned to the plaintiff, and it

1. FIRE insurance: policy: provision as to furnishing copies of policies: construction. provides that the "assured shall render to the company a particular account of said loss under oath, stating the time, origin and circumstances of the fire, the occupancy of the buildings insured, or containing the property insured, other insurance, and copies of all policies." It will be assumed that there was a policy issued by the State Insurance Company on the property insured, or a portion of it; and the plaintiff contends that a copy of such policy was furnished the defendant, with the proofs of loss. Conceding this, the defendant contends that it was insufficient, for the reason that a copy of the policy sued on was not furnished. Such is not the proper construction of the condition of the policy. The defendant was entitled to be furnished with a statement of the other insurance, and with copies of all policies. This we think means copies of the other insurance policies. A provision like the one in question should be construed strictly against the defendant; and, if the policy is fairly construed, we do not think it means that a copy of the policy issued by the defendant should be furnished. The object of the provision is to give the defendant information which it might be difficult to obtain, and upon which its rights might depend. But the defendant must be presumed to know the conditions of all policies issued by it, and the fact that it may have policies with different conditions is immaterial. It is bound to know the conditions of all contracts of insurance it enters into, and that, as a matter of fact, it has such knowledge there is no doubt. But it is insisted that a literal copy of the policy issued by the State Insurance Company was not furnished. A substantial copy is all that is required; and if one is furnished which contains an erroneous statement, and the rights of the defendant are in no respect prejudiced thereby, it has no just ground of complaint. The copy furnished stated that, unless an action was brought thereon within six months after the loss, it should be deemed barred. In fact such period was one year. This variance was not material, and it is not

so claimed. The assured made a reasonable effort to comply with the condition of the policy, and he was not absolutely concluded by the statement made. *Connecticut Ins. Co. v. Schwenk,* 94 U. S., 593; *McMaster v. Insurance Co. of N. A.,* 55 N. Y., 222; *Hubbard v. Hartford Fire Ins. Co.,* 33 Iowa, 325.

The application is made a part of the policy, and indorsed on it, and, as a copy of the application was not furnished, it is said the condition of the policy was not complied with. A copy of the policy is all that is required to be furnished; and therefore we think, when this was done, there was a substantial compliance. The application might affect the liability of the company issuing the policy, but could not in any manner affect the rights or interests of the defendant.

It is said the proofs of loss furnished are insufficient, because they do not state the amount or value of the several kinds of property destroyed. This we think, under proper instructions, was a question for the jury; but, conceding otherwise, the defendant cannot be permitted to now make such objection, because, when the proofs were furnished, no such objection was made. Besides this, a statement of the aggregate value of the property destroyed is sufficient, unless objected to, and a more particular account expressly or impliedly demanded. May, Ins., § 475; *Young v. Hartford Fire Ins. Co.,* 45 Iowa, 377.

2. ——: proof of loss: itemized statement not required.

II. Conceding that there was error in the admission of the evidence of Dawson, it, under the instructions, was not prejudicial. The court permitted the plaintiff to recall the insured, Miller, after he had testified. This was clearly within the discretion of the court. But it is said that his evidence, when last on the stand, was materially different from his previous evidence. It was for the jury to say which statement was correct. It is undoubtedly within the discretion of the court to permit a witness, at any time during the trial, to correct his evidence previously given. If the opposite party is taken by surprise,

3. PRACTICE: witness may correct his testimony.

and he is unable to controvert the new evidence because of the absence of witnesses, he should at least apply for a continuance.

III. The policy prescribed that immediate notice of the loss should be given, and that a particular account of the loss

4. FIRE insurance: proof of loss: time of making.

should also be furnished, but the time within which the latter should be furnished was not prescribed. It is, however, contended that such particular account must be furnished within a reasonable time. This will be conceded, unless there has been a waiver, or the company has done something, or failed to do something, which it was bound to do, which caused the delay. What is a reasonable time must depend on the circumstances of each particular case, and probably, under proper instructions, is a question for the jury. The plaintiff contends that the delay was caused by the acts and conduct of the company, and there is evidence so tending. The loss occurred on the second or third of November, 1882, and the proofs were completed in August, 1883. Prior to November 22, 1882, an adjuster of the company was at the place where the loss occurred, and made inquiries in relation thereto, and took from the assured a statement, prepared by the adjuster, in relation to the loss, and on the day just stated the attorneys for the assured wrote to the general agent of the defendant inquiring whether the information obtained by the adjuster was deemed to be sufficient proof of loss, and asking such agent to so indicate, and what, if anything more, was required of the assured. No reply to this letter was received. In December, 1882, the attention of an agent of the company was called to the fact that no reply had been received to such letter, and, at the request of the attorney for the assured, he wrote to the general agent about the matter. No reply was received to such letter. In March, 1883, the assured was informed by the adjuster of the company that the letter of November 22, 1882, had not been received by the general agent. In the mean time the

assured had assigned the policy to the plaintiff, and removed to Wisconsin. The first proofs of loss were sent to the defendant, June 20, 1883, and, being objected to, the final proofs were obtained and sent the defendant in August following. We feel constrained to say that, under the circumstances, the proofs were furnished within a reasonable time. The plaintiff was authorized to believe the letter of November 22d was received in Chicago in due course of mail, and therefore was justified in waiting a reasonable time for a reply. In December he interested an agent of the defendant in the matter, and to his letter no reply was received, and it is not claimed that there was a miscarriage of this letter. Clearly, we think, the defendant is justly chargeable with a portion of the delay, and, under the evidence and instructions of the court, which are correct, we think the jury was clearly warranted in finding as they did. Also, see *Killips v. Putnam Ins. Co.*, 28 Wis., 472.

IV. If demanded by the defendant, the assured was, by the conditions of the policy, required to submit his books, invoices and vouchers for examination, and also furnish duplicate invoices for the same purpose. The books and original invoices were destroyed by fire; and that the assured used reasonable efforts to procure a portion of the duplicate invoice, is frankly conceded by counsel for defendant, and that he failed to obtain them; but it is said that he failed to communicate this fact to the defendant. He was not bound to do so. But it said the third instruction asked by the defendant should have been given. This instruction is faulty, in that it submits to the jury the question whether the defendant could have furnished such duplicate invoices, when the evidence is undisputed that he could not, and counsel so concede. The charge of the court in this respect is correct.

*5. ——: ——:*
*books and*
*invoices*
*burned:*
*duplicates.*

V. It is insisted that there was other insurance on at least a portion of the property insured, and it is contended that the

**6. ——: other insurance: company bound by agent's knowledge.** assured made a false statement in relation thereto when he applied for and obtained the policy in question. It is by no means certain any such statement was made. The agent of the company was fully informed as to the existence of the other insurance, and the terms and conditions of the policy, and therefore we think the company is bound by the knowledge of its agent. It is provided in the policy that an action shall **7. ——: construction of policy: limitation of time of action.** be commenced within one year after the loss, and that the defendant will pay the loss sixty days after proofs of loss are furnished. The fire occurred on November 3, 1882, and the court instructed the jury that the action was commenced on November 7, 1883, and therefore it is said the action is barred. The conditions of this policy are substantially the same as in *Ellis v. Council Bluffs Ins. Co.*, 64 Iowa, 507, and, following that case, we must hold the action is not barred.

VI. It is said the assured swore falsely in making proofs of loss, and therefore is not entitled to recover. This question was submitted to the jury under proper instructions, and the finding of the jury cannot be disturbed.

AFFIRMED.