HONG SLING, RESPONDENT, *v.* ROYAL INSURANCE COMPANY, NORWICH UNION FIRE INSURANCE COMPANY AND LANCASHIRE INSURANCE COMPANY, APPELLANTS.

HONG SLING, RESPONDENT, *v.* HARTFORD FIRE INSURANCE COMPANY, APPELLANT.

HONG SLING, RESPONDENT, *v.* CITY OF LONDON FIRE INSURANCE COMPANY, APPELLANT.

INSURANCE.—POLICY OF FIRE INSURANCE.— LIMITATION OF ACTION. —Where the policy of fire insurance provided that no suit upon the policy should be begun or sustainable until after an award should have been made, nor unless such suit or action should be commenced within twelve months from the date of the fire, and no time was limited within which the award should be made, and suit was begun over one year after the fire occurred; *held* that such suit was not barred, because the twelve months' limitation did not begin to run until after the award was made.

APPEAL from judgments of the district court of the first district and from orders refusing new trials. The opinion states the facts.

Messrs. *Bennett, Marshall and Bradley, Mr. T. C. Van Ness,* of counsel, for the appellants.

Cited *Johnson* v. *Insurance Co.,* 91 Ill. 92; *Fullam* v. *N. Y. U. Ins. Co.,* 7 Gray, 61; *Blair* v. *Sovereign Ins. Co.,* 19 U. S. R. 372; *Chambers* v. *Atlas Ins. Co.,* 51 Conn. 17, s. c. 50 Am. R. 1 ; *Bradley* v. *Phœnix Ins. Co.,* 28 Mo. Ap. 7; *Dickie* v. *Western Ass. Co.,* 21 N. B. R. 544; *Ins. Co.* v. *Lacroix,* 35 Tex. 249, s. c. 14 Am. R. 370; *Glass* v. *Walker,* 66 Mo. 32; *Wilson* v. *Ins. Co.,* 27 Vt. 102; *Blanks* v. *Ins. Co.,* 36 La. An. 599; *Ins. Co.* v. *Barr,* 94 Pa. St. 345, 26 La. An. 298, 16 U. C. Q. B. 135; *Schroeder* v. *Ins. Co.,* 2 Phil. 286.

Messrs. *Maloney and Perkins,* for the respondent.

ANDERSON, J.:

These actions were brought on policies of insurance against loss by fire, issued by the defendant companies to the plaintiff on a stock of Chinese and Japanese goods. The first two of the cases were tried together, and by stipulation of counsel the judgment in the third was to be the same as that in the first, the terms of the policies sued on in these two cases being substantially the same. The same stipulation between counsel has been made in this court, so that we have only to consider the first two of the cases, all of them being presented in one record.

At the trial in the district court a verdict was rendered, under the direction of the court, in each case in favor of the plaintiff for the sum of $911.73, and each of the defendants has appealed. It is stipulated by counsel that the plaintiff is entitled to recover in this court in each

case the amount of the judgment rendered in his favor in the district court, "unless the limitation clause in the policies sued on, and the fact that the fire producing the loss occurred on September 14, 1889, and the insured goods were on that day damaged, and suit was not brought to recover therefor until September 19, 1890, is conclusive against the validity of plaintiff's claim, or bars his right of action herein; and, if an appeal be taken by defendants, that the only points to be made on said appeal shall be such as arise out of or by reason of said limitation clause." The policy in the first case contained the following conditions, to-wit: "It is furthermore hereby expressly provided, and mutually agreed, that no suit or action against the companies, or either of them, for the recovery of any claim . by virtue of this policy, shall be sustainable in any court of law or chancery, until after an award shall have been obtained fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months from the date of said fire; and, should any suit or action be commenced against the companies, or either of them, after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such a claim, any statute to the contrary notwithstanding." The policy further provided that "all persons insured by the companies sustaining any loss or damage by fire shall immediately give notice to the companies or their agents, and, within thirty days after the date of such fire, shall deliver as particular an account of their loss or damage as the nature of the case will admit of; and make proof of the same by their declaration or affirmation, and by their books of account, or such other proper evidence as the respective directors of the companies or their agents may reasonably require; and until such declaration, or affirmation account and evidence, be produced, the amount of such loss, or any part thereof, shall not be payable or

recoverable." The policy also provided that "persons insured by the companies, and who may suffer loss, will receive their indemnity without deduction or discount within sixty days after satisfactory proofs thereof shall have been made to the companies in accordance with the conditions of this policy, but in every case of loss the companies reserve to themselves the right of reinstatement in preference to the payment of the claims if they shall judge the former course to be more expedient." The policy further provided that, "if any difference shall arise with respect to the amount of any loss or damage by fire, such difference shall, at the request of either party, be submitted to arbitrators indifferently chosen, whose award, or that of the umpire, shall be binding on the parties as to the amount of such loss or damage, but shall not decide the liability of the companies, or either of them, under this policy." In the second case the policy provided that the amount of the loss or damage should be paid sixty days after due notice and satisfactory proof of the same should be made by the assured and received by the company at its office in San Francisco. It further provided that in the case of personal property partially destroyed, unless the amount of the loss or damage is agreed upon, it should be determined by arbitrators, and that the assured should put the property in the best order possible, "and make an inventory thereof, naming the quantity and cost of each article, and upon each article the damage shall be separately appraised; and the report of the appraisers, in writing, under oath, shall form a part of the proof required; * * * and until such proofs and certificates are produced and examinations and appraisal permitted, the loss shall not be payable." The policy also provided that "the company reserves the right to take the whole or any part of the property so damaged at the appraised value, * * * or replace the property lost or damaged with other of a like kind and quality, within sixty days after the receipt of the proofs

herein required." Appraisers were appointed, and an award was made on September 24, 1889, and plaintiff's formal proof of loss and notice, as a preliminary to bringing suit, were served October 4, 1889.

It has been doubted by some courts whether the law and policy of a state fixing a period within which actions may be begun can be set aside by the agreement of the parties at the time of entering into a contract. *Insurance Co.* v. *Dodge,* 44 Mich. 420. 6 N. W. Rep. 865. But the weight of authority is that it may be done. *Riddlesbarger* v. *Insurance Co.,* 7 Wall. 389; *Amesbury* v. *Insurance Co.,* 6 Gray, 596; *Cray* v. *Insurance Co.,* 1 Blatchf. 280. An insurance policy, however, must be construed like any other contract, and all of its provisions be considered together. It will be observed that in the first case the insured was required to give immediate notice of the loss or damage, and within 30 days make proof of the same by such proper evidence as the companies might require, and until this was done the amount of the loss was not "payable or recoverable." If the proofs were satisfactory, the plaintiff was to receive the amount of loss or damage he had suffered within 60 days thereafter. If the proof should be unsatisfactory, no limit was fixed within which the defendants might not call for further proofs. But, even in case the proofs were satisfactory, the defendants reserved the right of reinstatement in preference to the payment of the claim, but no time was fixed within which this must be done. In case of difference as to the amount of loss or damage, either party had the right to have the matter determined by arbitrators; but there was no limit to the time within which the arbitration should be had, and yet the policy provided that no suit or action should be maintainable until after an award had been obtained. In the second case the provisions of the policy are similar to those in the first, except that the insured was not prohibited in express terms from bringing an

action on the policy until after an appraisal of the loss
or damage had been had; but it was provided that, in
case of disagreement, there should be an appraisal of the
loss or damage incurred, and that until such appraisal had
been made the loss should "not be payable." If the com-
pany decided to take the property at the appraised value,
or replace it, it might do so within a reasonable time,
by giving 60 days' notice of such intention after the
receipt of the proofs of loss, including the appraisal. It
is wholly uncertain, under this policy, how much time
might be consumed in these proceedings, during which,
however, the plaintiff could not bring suit, for, until they
were completed, the loss was "not payable." Now, noth-
ing could be more obvious than that the provisions in
these policies, if literally construed, are in each case
inconsistent. The insured is first prohibited from bring-
ing a suit on the policy unless brought within 12 months
from the date of the fire. Then he is not permitted to
maintain any action until certain things shall have been
done, which might, in any event, require from 1 to 3
months in their performance, and might, without fault of
either party, consume the whole 12 months. These pol-
icies were prepared and furnished by the insurance com-
panies, and, if there is any inconsistency or ambiguity in
their terms, they should be construed most strongly
against the companies. But in construing a contract it is
often necessary to go beyond the mere words of a partic-
ular clause of the instrument in determining the intention
of the parties in adopting the contract as a whole, and,
when these purposes and objects are ascertained, the lan-
guage of the clause in question should be interpreted with
reference to them.

It is inconceivable that the plaintiff intended or under-
stood that he might, under the terms of one clause of
the policy, be unable, without fault of his own, to bring
an action on it, until his right of action was barred by

another clause of the same contract; and we will be charitable enough to assume that the defendant companies did not understand nor intend that a result so repugnant to natural justice should follow in case of loss or damage to the property insured. It is the duty of the courts, in construing a contract containing provisions inconsistent with each other, to reconcile them as far as practicable, and to give effect, if it can be done, to the intentions of the parties, as gathered from a just and reasonable consideration of the whole instrument. Ordinarily, where a party has a given time in which to begin an action, he has the whole of that time in which to bring it, and we hold that, where a policy of fire insurance provides that no suit shall be brought on the policy unless begun within a specified time after the fire, and which policy provides that no suit shall be brought until after an arbitration shall be had, or other act done, which extends or may extend indefinitely the time in which the suit may be brought, the true intent of the parties is that the limitation as to the bringing of suits does not begin to run until the cause of action accrues, unless it is delayed through the fault of the insured. These views are supported by the overwhelming weight of authority. Among the numerous authorities which might be referred to we cite: *Case* v. *Insurance Co.*, 83 Cal. 473, 23 Pac. Rep. 534; *Steen* v. *Insurance Co.*, 89 N. Y. 315; *Friezen* v. *Insurance Co.*, 30 Fed. Rep. 352; *Barber* v. *Insurance Co.*, 16 W. Va. 658; *Ellis* v. *Insurance Co.*, 64 Iowa, 507, 20 N. W. Rep. 782; *Longhurst* v. *Insurance Co.*, 19 Iowa, 364; 2 Wood, Ins. § 469; 2 May, Ins. (3d Ed.) §§ 487, 492; *Chandler* v. *Insurance Co.*, 21 Minn. 85 ; *Mayor* v. *Hamilton Fire Ins. Co.*, 39 N. Y. 45; *Killips* v. *Insurance Co.*, 28 Wis. 484; *Arthur* v. *Insurance Co.*, 78 N. Y. 462; *Miller* v. *Insurance Co.*, 70 Iowa, 704, 29 N. W. Rep. 411; *Old Saucelito Land & Dry Dock Co.* v. *Commercial Union Assurance Co.*, 66 Cal. 253, 5 Pac.

Rep. 232; *Holmes* v. *Richet,* 56 Cal. 307. These cases were begun within five days after the expiration of one year from the date of the fire, and in less than one year after arbitration was had and notice and proofs of loss were furnished. We think the judgment of the district court was correct, and the same is hereby affirmed in each of the three cases.

ZANE, C. J., and BLACKBURN, J., concurred.