McFARLAND v. RAILWAY OFFICIALS AND EMPLOYEES ACCIDENT ASSOCIATION OF INDIANAPOLIS. INDIANA.

INSURANCE—ACTION ON POLICY INSURING AGAINST DEATH THROUGH ACCIDENT—LIMITATION BY CONTRACT—INTERPRETATION OF CONTRACT.

1.   It is lawful for the parties to a contract of insurance to limit the time within which an action may be brought thereon, by a provision inserted therein.

2.   Under a provision in a policy of accident insurance, limiting the time for bringing an action thereon for any accidental injury or death, to "one year from the date of the

happening of the alleged injury," the insured having died from injuries received against which he was insured, the limitation began to run at the death of the insured, notwithstanding that the same policy provided that no such action should be commenced until ninety days after the claimant has furnished the proofs required, which were required to be furnished within seven months after the injury; the proofs having been furnished, and a final refusal to pay having occurred within four months after such injury.

3. The object to be attained in construing a contract is to ascertain the intent and meaning of the parties, as expressed in the language used.

[Decided November 14, 1894. Rehearing denied December 28, 1894.]

On reserved questions from the District Court for Laramie County. Hon. Richard H. Scott, Judge.

This was an action brought by Mary E. McFarland upon a policy of insurance upon the life of her husband. The facts are stated in the opinion.

*A. C. Campbell* and *R. W. Breckons,* for plaintiff.

The language of the policy should be construed most strongly against the insurer. (Kratzenstein v. Ins. Co., 116 N. Y., 59; Allen v. Ins. Co., 85 N. Y., 473; Herman v. Ins. Co., 81 id., 184; Dilleber v. Ins. Co., 69 id., 256; Hoffman v. Ins. Co., 32 id.; 405; U. S. M. A. Assn. v. Newman, 84 Va., 52; Paul v. Ins. Co., 112 N. Y., 472; Ins. Co. v. Gordon, 68 Tex., 144; DeGraff v. Ins. Co., 38 Minn., 501; Chandler v. Ins. Co., 21 id., 85.) The limitation runs from the time an action is maintainable, and not from the date of the injury. (Steel v. Ins. Co., 47 Fed., 863; id., 51 Fed., 721; Friezen v. Ins. Co., 30 id., 354; Vette v. Ins. Co., id., 668; Wood on Ins., sec. 443; Miller v. Ins. Co., 70 Ia., 704; McConnell v. Ins. Co., 79 id., 757; Ins. Co. v. Fairbank, 32 Neb., 750; Ins. Co. v. Buckstaff, 38 Neb., 135; Hon Sling v. Ins. Co., 8 Utah, 135; Ins. Co. v. Chandler, supra; Matt v. Ins. Co., 81 Ia., 135; Case v. Ins. Co., 83 Cal., 474; Barber v. Ins. Co., 16 W. Va., 658; Murdock v. Ins. Co., 33 id.,

410; Ins. Co. v. Jones, 54 Ark., 376; Barnes v. McMurtry, 29 Neb., 178; Cooper v. Ass'n, 10 N. Y. S., 749; Ames v. Ins. Co., 14 N. Y., 253; Mayor v. Ins. Co., 39 id., 45; Hay v. Ins. Co., 77 id., 235; Steen v. Ins. Co., 89 id., 315.)

*Lacey & Van Devanter*, for defendant.

The limitation runs from date of injury. (King v. Ins. Co., 47 Hun., 1; Cooper v. Ass'n, 132 N. Y., 334; Elliott v. Ins. Co.,27 N.Y. Sup., 696; George,Admr., v.Ry. Co., 51Wis., 603; Rugland, Admr., v. Anderson, 30 Minn., 386; The Harrisburgh, 119 U. S., 199-214; Cavanagh v. Nav. Co., 13 N. Y. Supp., 540; Taylor v. I. C. Co., 94 N. C., 525; Best v. Kingston, 10 S. E., 997; Ry. Co. v. Hine, Admx., 25 Ohio St., 629; Hill v. New Haven, 37 Vt., 501; Benjamin v. Eldridge, 50 Cal., 612; Andrews, Admr., v. Hartford, etc., R. R. Co., 34 Conn., 57; Sherman v. Stage Company, 24 Iowa, 515-552; Ewell, Admx., v. C. & N.-W. Ry. Co., 29 Fed., 57; Louisville, etc., Ry. Co. v. Sanders, 86 Ky., 259; Riddlesbarger .v. Ins. Co., 7 Wal., 386; Hart v. Ins. Co., 86 Wis., 77; State Ins. Co. v. Meesman, 2 Wash. St., 459; McElroy v. Ins. Co., 48 Kan., 200; State Ins. Co. v. Stoffels, id., 295; Johnson v. Ins. Co., 91 Ill., 93; Semmes v. Ins. Co., 13 Wal., 158; Travellers' Ins. Co. v. Ins. Co., 1 N. D., 151; 20 Ill. App., 431; 83 Va., 736; 51 Conn., 17; 27 Atl. (Conn.), 1059; 7 Gray, 61; 66 Mo., 32;. 87 Ky., 119; 36 La. Ann., 599; 58 N. H., 469; 27 Vt., 99; 94 Mich., 266; 96 Mich., 445; 94 Pa. St., 345; 106 Pa. St., 20; 130 Pa. St., 170; 2 Phila., 286; 25 Fed., 296; 47 Fed., 863.)

Conaway, Justice.

This action was brought on a certificate of membership of the defendant association, in the nature of a policy of accident and life . insurance, whereby defendant insured the life of William W. McFarland for twelve months commencing June tenth, 1891, against death by external, violent and accidental means, in the sum of two thousand dollars, payable to plaintiff, wife of the insured, should death result within ninety days from the time of the injury.

On May first, 1892, the insured received injuries such as he was insured against by virtue of the certificate or policy mentioned, from which injuries he died the same day.   Deceased was also insured in the same instrument against injuries not resulting in death; but this branch of the subject it is not necessary to consider.

The certificate contains the following provision:   "No suit "in law or equity shall be maintained on this certificate on "any accidental injury or death unless such suit be brought "within one year from the date of the happening of the "alleged injury, and failure to bring suit within one year "shall be taken and deemed as conclusive evidence against the "validity of such claim and of forfeiture of all right under "this certificate."   Suit was not brought on this policy or certificate within one year from the date of the happening of the injury to and the death of the insured, but was brought a little more than thirteen months after.   Plaintiff admits that it was competent for the parties to limit the time for bringing suit by a provision inserted in the certificate by the association and accepted by the insured, but plaintiff insists that under the conditions of the certificate, the time of the limitation should not run "from the date of the happening of the alleged injury," but should run from the time the cause of action accrued, or, in other words, from the time when the company might be sued.

This could not be done until the expiration of ninety days after the claimant had furnished verified affirmative proof in writing of the injury, which proof was required to be furnished within seven months from the happening of such injury.

It appears that proofs of death were furnished by plaintiff on August 24, 1892, less than four months after the injury to and death of the insured.   It further appears that the defendant finally denied its liability and refused to pay plaintiff's claim on September first, 1892, just four months after such death and injury.

By written stipulation of the parties filed in the cause, it is in effect agreed that if the Court should be of the opin-

ion that the suit is not barred by the limitations contained in the certificate, judgment shall go in favor of the plaintiff; otherwise in favor of the defendant.

Under these facts and conditions the District Court finds that three difficult and important questions arise, upon which it reserves its decision and sends the cause to this Court for its decision of the questions under the statute authorizing this course of procedure. The questions so reserved are these:

1. Under the allegations contained in the pleadings herein was this action commenced in time, or was the claim of the plaintiff barred at the commencement of this action by reason of the provisions of the policy sued upon, as set forth in the pleadings?

2. Under the pleadings herein did the limitations named in the policy begin to run at the death of the insured, or at the expiration of ninety (90) days after the receipt by defendants of proofs of death, or at the time when defendants refused to pay the plaintiff's claim?

3. Under the written stipulation of the parties herein should judgment be rendered for the plaintiff or for the defendant?

The District Court asks: "Was this action commenced in time?" The answer to this question must determine what the judgment shall be. But to answer this and the other questions reserved and submitted we must consider and determine from what date the limitation runs.

Three dates to be considered are indicated in the questions of the Court, and in the briefs and oral arguments of counsel: First, the date of the death of the insured, May first, 1892; second, the date of the final refusal of defendant to pay the claim of plaintiff, September first, 1892; and, third, ninety days after proofs of death were furnished, the expiration of the ninety days occurring November twenty-fourth, 1892.

The question of the date from which the limitation runs is an important one, involving, as it does, leading and elementary principle in the construction of contracts, and being the question of first impression in the courts of this State.

And it must be considered a difficult question since eminent courts are in conflict in their views of contracts of insurance similar to the one under consideration.

These conditions require a careful consideration of the question and a careful scrutiny and weighing of the authorities on both sides.

The main contention of plaintiff seems to be that the limitation of the time for bringing suit to "one year from the date of the happening of the alleged injury," shall be held to mean one year from the date when the cause of action accrues.

The doctrine upon which the contention is based is stated in Wood on Insurance, Second Edition, changing the language used in the first edition to these words: "Sec. 469. It is held in some of the cases that when a policy stipulates that no action shall be brought unless commenced within a certain time after loss or damage shall accrue, and there is a provision in the policy that the company will pay in thirty, sixty, ninety, or any other number of days after proofs of the loss have been served, the limitation does not attach until after the period which the company has in which to pay the loss has expired.

"The limitation does not apply until the right of action has accrued, and until the period has expired which the company has to pay the loss in, no right of action exists."

Cases from New York, Michigan, and West Virginia are cited in a note to support this view. The note continues: "But a contrary doctrine is held in some of the States," citing cases from New Hampshire, Connecticut, Massachusetts, Vermont and Illinois. The exhaustive researches of counsel have resulted in the collection of a large number of cases from nearly half of the States in the Union, as bearing more or less directly upon the question under discussion. It is admitted by plaintiff that it is lawful for the parties to a contract of insurance to limit the time within which an action may be brought upon such contract by a provision inserted therein; so cases cited to establish this proposition will not be mentioned in this discussion. It is only neces-

sary to consider cases which hold that provisions for occupying a portion of the time limited in the performance of conditions precedent to the right of action do or do not extend this time beyond the limit specified.

It is admitted by the defendant that if the time allowed for, or necessarily occupied by the claimant under contract of insurance, in performing such conditions precedent should include all the time specified within which suit must be brought or should not leave a reasonable time for that purpose, the right of action would not be lost by the lapse of the time specified. Neither if the bringing of the action was delayed beyond the time limited by the conduct of the insurer. So, cases cited to these propositions will be eliminated from this discussion.

The most of the cases bearing upon the question of extending the time limited for commencing suit by holding the limitation to run from a later date than that specified in the policy are cases of fire insurance which limit the time to a certain number of months after the loss or after the fire, and further require proofs of loss to be furnished, or other conditions precedent to the right of action to be performed for which time is allowed, or which necessarily consume time.

So far as the question has been before the Federal Court, the decisions are conflicting. Judges Thayer, Bunn, Hawley and Gilbert have held in favor of the position of the plaintiff, that the limitation runs only from the time the cause of action accrues, although the policy reads a certain number of months after the loss or after the fire. Judges Deady and McKenna and the Court of Appeals of the District of Columbia hold directly the reverse. See Steele v. Phœnix Ins. Co., 51 Fed., 715; Vette v. Clinton Fire Ins. Co., 30 Fed., 668. Friezen v. Allemania Ins. Co., 30 id., 352; McElhone v. Benefit Ass'n, 22 Wash. L., 157. Coming to the States, we find five States and one territory holding by their courts of last resort that a limitation of a certain time for beginning action after the loss or after the fire, shall not run from the date of the loss or of the fire, but from the

time the cause of action accrues. We find a considerably larger number where the decisions are directly to the contrary effect, and a number where they are somewhat equivocal, and claimed by both parties, and some make a distinction between the meaning of the phrases "after the loss," and "after the fire." So if we were to decide this case according to the number of authorities, we should be compelled to decide it in favor of the defendant. But this is not a satisfactory way of determining the question of the construction of the language either of a contract or of the statute. An examination of the decisions with the reasons assigned for them is preferable.

The case of Barber v. Fire and Marine Ins. Co. of Wheeling, 16 W. Va., 658, was an action on a policy of fire insurance which made the loss payable sixty days "after due notice and proof of the same," but specifying no time within which such notice and proof should be made, and limiting the time for bringing action to "six months next after the loss should occur." The court calls the time which must elapse before suit can be brought an indefinite time, because the claimant was not required to furnish his proofs of loss within a specified time, and holds that, in such cases, the six months' limitation runs from the time when the cause of action accrues and not before, and expires in this instance six months and sixty days after proofs of loss were furnished and finds that this was "the intent of the parties."

The later case of Murdock v. Franklin Ins. Co., 33 W. Va., 407, was an action on a policy of insurance which limited the time for bringing action to six months from the date of the loss, and requiring proofs of the loss within thirty days thereafter, and allowing the insurer sixty days after proof of loss in which to make payment. The court quotes from Barber v. F. & M. Ins. Co., supra, that the "intent of the parties to the contract was that the six months' limitation should commence to run when the cause of action accrued and not before." And the court concludes: "So that case is authority for the position (1) that the limitation does not begin until the cause of action accrues; and (2) that it

does not begin from the actual loss,—thus departing from the letter of the policy."

In Iowa the doctrine is firmly established that under a policy of insurance, limiting the time for bringing action upon it, and requiring the performance of conditions precedent which must occupy a portion of that time, the limitation does not commence to run until the right of action accrues. See Matt v. Mutual Aid Association, 81 Iowa, 135; McConnell v. Mutual Aid Association, 79 Iowa, 757; Ellis v. Ins. Co., 64 Iowa, 507; Miller v. Ins. Co., 70 Iowa, 704; Eggleston v. Ins. Co., 65 Iowa, 308; Quinn v. Ins. Co., 71 Iowa, 315. Two reasons for this line of decisions are given in the different cases in Iowa. One reason is the assumption made in the West Virginia cases, that such was the intent of the parties, and a statement of it is found in Ellis v. Ins. Co., supra, a case of fire insurance, in these words: "Now it is apparent that if the literal construction of the provision in question contended for by defendant obtains, it might frequently happen that the right of action would be barred by it before such right had accrued to the assured under the other provision. It is very clear that the parties never intended that such a result should be accomplished." The time limited in this case was "six months next after the loss shall occur." The other reason as held in Iowa is that there is a rule of construction of limitations, both by statute and by contract, that the limitation runs only from the time when the right of action accrues. It is stated in McConnell v. Mutual Aid Association, supra, a case of life insurance, in these words: "It is a familiar and just rule, recognized by the courts, that a bar created by statute or by contract, to an action for a breach of its conditions, by reason of the lapse of time, will not commence to run until the right of action accrues; that is, the plaintiff must have the full time given by the statute or contract after his right of action arises in which to commence his suit." The limitation in this case was six months after the death of the assured.

As to this case, it is sufficient to say that no case has been cited by counsel and none has occurred to us which holds

that a period of limitation fixed by statute has ever been changed by a court by construction. And by all the authorities the rule of construction is the same for contracts as for statutes, that the true meaning and intent of the language is to be sought.

The authority of the Supreme Court of Nebraska is in favor of plaintiff. German Ins. Co. v. Fairbank, 49 N. W., 711; 32 Neb., 750, was an action on a policy of fire insurance limiting the time for bringing action to "six months after the loss or damage shall occur," and requiring proofs to be made in thirty days after such loss or damage, and payment to be made within ninety days after proofs furnished. The court says: "The fair and reasonable interpretation of the provisions of the policy, when construed together, is that the limitation did not begin to run from the date of the loss, but from the time the suit could have been brought." This case is followed up by the same court in Ins. Co. v. Buckstaff, 38 Neb., 135.

The case of Hong Sling v. Ins. Co., 8 Utah, 135, is in favor of the plaintiff's theory of construction. It is an action on a policy of fire insurance, limiting the time for bringing action for loss or damage by fire to "twelve months from the date of said fire," and requiring proofs of loss within thirty days after, and payment within sixty days after proof, and requiring arbitration before suit. The court holds that the action may be brought within twelve months after the cause of action accrues, and that this is what the parties intended and understood by the words "within twelve months from the date of said fire," because all that time might be necessarily consumed by plaintiff in performing the conditions precedent to the right of action.

The Court of Appeals of New York holds that the word "loss" in the limitation clause of a policy of fire insurance has reference to the time when the loss becomes payable by the insurer and when the right of action accrues. Hay v. Star Fire Ins. Co., 77 N. Y., 235.

The Supreme Court of Arkansas also takes this view. Sun Ins. Co. v. Jones, 54 Ark., 376.

These are all the States, so far as we are at present advised, that hold unequivocally in favor of plaintiff. There are a few others whose courts have used language claimed by plaintiff to favor this view, but which is at least doubtful, which will be considered presently.

As already stated, the great preponderance in numbers of decisions is against this view. But the courts taking this view are courts of eminence, and they are entitled to respect, and if their position is sustained by convincing reasons, mere numbers should not be allowed to prevail against them. Their number is sufficient to make a very respectable array. But the weight of these decisions as authority is greatly reduced by the fact that they do not agree as to the basis or reason upon which they rest. All of the courts which we have mentioned cite New York cases as sustaining them, so it is somewhat important to determine just how far the New York cases do sustain them.

Hay v. Star Fire Ins. Co., supra, was a suit upon a policy of fire insurance requiring proofs of loss to be furnished as soon as possible after the fire, providing that the loss should be paid within sixty days after proof, and limiting the time for commencing action to twelve months.

The court, one judge dissenting, says: "The loss should be deemed to occur when the company pays it, or may be lawfully called upon to pay it. The loss then, and not until then, practically occurs to it. These words may in some clauses refer to the destruction of the property, but it does not necessarily follow that they do in this." It is to be remarked that of the States we have mentioned as citing New York cases as authority for their decisions none but Arkansas adopts this reason for a decision. The West Virginia court makes a similar decision under a similar policy, but characterizes its decision expressly as "departing from the letter of the policy." If the word "loss" in the limitation clause meant the loss to the company by its incurring a liability to suit so many days after proofs of loss, then the decisions follow strictly the letter of the contract. The Iowa Supreme Court says that under a literal construction of such provisions the

right of action might be barred before it accrued. This, of course, is inconsistent with the idea that the loss is the accruing of the right of action, as the New York and Arkansas courts hold. The Nebraska courts make the distinction expressly between "the date of the loss" and "the time the suit could have been brought," but hold that the latter is meant when the former is expressed. The case of Hong Sling v. Ins. Co., 8 Utah, 135, was an action on a policy limiting the time for bringing suit to twelve months from the date of the fire, and it cites a number of New York cases as holding to this latitudinarian construction, but the New York courts never held so. When a policy of fire insurance says "next after the fire" the New York courts hold that it means next after the fire. The New York cases which favor plaintiff's position turn upon the meaning of the word "loss." See King v. Ins. Co., 54 N. Y. Supreme Court Rep., 1. But it must be allowed that when a policy requires proof of loss by fire to be made immediately or within a certain time after the fire which caused the loss, and payment of such loss to be made within a certain time after the submission of the proofs of the same, and that any suit is barred unless brought within a certain longer time after the loss occurs or accrues, the New York and Arkansas courts hold that the word loss in each place where it occurs, except the last, means the loss to the insured by fire, which he was insured against, but in the last place it means the loss to the insurer by the accruing of a right of action. So far as we are at present advised, no courts except those of New York and Arkansas have taken this view. A large proportion of the courts of the State have held differently. Some, as the courts of West Virginia and Iowa, have confessedly departed from the letter or a literal construction of the contract, in order to make the insurers liable.

Cases in favor of the contention of defendant are numerous.

Johnson et al. v. Humboldt Insurance Co., 91 Ills., 92, was an action on a policy of fire insurance which provided that the loss or damage should be estimated according to

the actual cash value of the property at the time of the loss, and paid sixty days after proof of the same made by the assured, unless the property were replaced, or the company had given notice of its intention to repair or rebuild the damaged premises, and that no suit should be brought until after award obtained in a manner specified, nor unless "commenced within twelve months next after the loss shall occur." Few policies are more burdened with conditions to be performed, and requiring time for their performance, before a right of action accrues, than this. The court, after stating the general and universally accepted principle, controlling the construction of laws and contracts, that the intention as expressed, must govern, proceeds: "When did the loss occur? Manifestly at the time the fire destroyed the property. In what consisted the loss? Obviously in the destruction of the building by fire. We are wholly unable to perceive that language could have been used that could have rendered the meaning plainer." And the action not having been commenced within twelve months next after the destruction of the building by fire, was held to be barred by the limitation of the policy requiring it to be "commenced within twelve months next after the loss shall occur."

Bradley v. Phœnix Ins. Co., 28 Mo. App., 7, was an action upon a policy of fire insurance which limited the time for bringing action upon it to "six months next after the loss shall occur." The policy also provided that the amount of the loss or damage was to "be estimated according to the actual cash value at the time of the loss, and to be paid sixty days after the proofs of the same shall have been made by the assured," etc. In the opinion appears the following: "When did this loss occur? Certainly on the day, at the instant, when the property was destroyed by the fire. The term employed in the contract is apt and unambiguous." And the court held that the six months' limitation ran from the date of the fire.

Chambers v. Atlas Ins. Co., 51 Conn., 17, was an action on a policy making losses payable sixty days after proofs furnished, and limiting the time for bringing action to "twelve

months next after any loss or damage shall occur." The court says: "This limitation is lawful and reasonable. In words of common use and plain meaning an event is referred to, as a starting point, that is, the destruction of or injury to the plaintiff's property by fire. It is certain that they intended to surrender a very large portion of the time allowed them by the law; and there is nothing either in the structure of the subject matter or the contract indicating their unwillingness to make the day of that occurrence the point of departure, and to agree that the period of twelve months therefrom should cover the making of the proofs, the sixty days of grace to the defendant, and the institution of the suit.

"The contract keeps the day upon which a fire occurs entirely distinct from the day upon which the right to sue for indemnity accrues. Each is described in plain and appropriate language. We find no reason for the assumption that when the first is mentioned the last is intended, and it is not for us, by construction, to give the plaintiffs what they fail to secure by agreement." And "twelve months next after any loss or damage shall occur" was held to mean twelve months next after the destruction of or injury to the insured property by fire.

Virginia Fire & Marine Ins. Co. v. Wells, 83 Va., 736, was an action upon a policy making any loss or damage insured against payable sixty days after receipt of proofs of loss, and limiting the time for bringing action to six months next succeeding the day upon which the loss or damage is alleged to have taken place. The court says: "It is undeniable that a policy must be construed with reference to all its provisions, like any other contract. And it may not be gainsaid that the condition of a policy should be construed, if possible, so as not to defeat the claim of the assured, which, in effecting the insurance, it was his purpose to secure. But there is no sounder rule of construction than that 'when the terms and stipulations in a contract are plain and clear we are bound to adhere to the terms as the only authentic expression of the intention of the parties;' none would be

rash enough to claim that there is obscurity or ambiguity in the language in which is expressed the prohibition to institute an action upon this policy after six months next succeeding the time when the loss is alleged to have taken place. The position is that the sixty days during which the company is entitled to delay the payment of the loss incurred by the fire should be eliminated from the six months. Had such been the intention of the parties how easy it would have been so to have expressed that intention. But there is nothing in the policy, which is clear and unambiguous in its terms, to indicate any such intentions." And the court held that the limitation ran from the date of the fire.

The case of Travelers Ins. Co. v. California Ins. Co., 1 N. Dak., 151, required the judicial construction of a policy of fire insurance, which limited the time for bringing action upon it to "twelve months next after the loss shall have occurred." The policy contained a familiar provision requiring proofs of loss before bringing suit. The court says: "It is undoubtedly true that a majority of the adjudications so interpret these limitations as to allow the full time to sue after the right of action has accrued, although more than the limited time has elapsed since the loss has occurred. We cannot assent to the doctrine of these cases. They rest upon the alleged necessity of harmonizing conflicting provisions." In language convincing and which seems truly unanswerable, the court shows that such provisions are not conflicting, unless they are such as to deprive the insured of a reasonable time in which to sue. But the court is in error in saying that the majority of adjudications are contrary to its views.

In Blanks v. Ins. Co., 36 La. Ann., 599, negotiations were protracted until the limitation was within two months of its close. This was held to be sufficient time for bringing suit.

Fallam v. New York Union Ins. Co., 7 Gray, 61, was an action upon a policy of fire insurance allowing the claimant one month in which to furnish proofs of loss, and giving the insurer three months after proof furnished in which to pay the loss, and limiting the time for bringing action to "six months next after any loss or damage shall occur." The

action not having been commenced until after the expiration of six months from the date of the fire was held to be barred and judgment was ordered for the defendant. It is somewhat remarkable that the cases which hold to a contrary doctrine, all recent and evidently tending to a new departure in the construction of contracts, have, it seems, all ignored this earlier case, decided by the supreme judicial court of Massachusetts, without dissent, when the Hon. Lemuel Shaw was chief justice of that tribunal.

The cases which hold that the phrase "next after the fire," in the limitation clause of a policy of fire insurance means "next after the cause of action accrues," are few. They are Hon Sling v. Ins. Co., supra; Steel v. Phœnix Ins. Co., supra; Vette v. Ins. Co., supra, and Friezen v. Ins. Co., supra. These decisions reach results more clearly in opposition, if such a thing be possible, to the meaning and intent of the parties, as expressed in the language used, than do the cases which hold the words "after the loss occurs" to mean "after the cause of action accrues." They have not in their favor even the argument of the New York court that the loss meant is the loss to the insurer by the accruing of a cause of action against him, and not the loss by fire of the property insured. And this argument, such as it is, is thoroughly refuted, if indeed it should not be said, utterly overwhelmed, by the foregoing citations. It is incredible that when the parties say six or twelve months next after the fire, they mean six or twelve months after some other date or event. To this effect are the following additional cases: State Ins. Co. v. Meesman, 2 Wash. St., 459; McElroy v. Continental Ins. Co., 48 Kan., 200; State Ins. Co. v. Stoffels, 48 Kan., 205; Allemania Ins. Co. v. Little, 20 Ills. App., 431; Owen v. Ins. Co., 87 Ky., 571; Hocking v. Ins. Co., 130 Pa. St., 170.

California cases are cited, but they are not in favor of plaintiff. Garido v. Ins. Co., 8 Pac., 512, was an action on a policy which limited the time for bringing action to "twelve months next after the loss." The property insured was destroyed by fire on February 15, 1880. The action was com-

menced November 1, 1881. Negotiations for settlement were continued until January 21, 1881. The court says: "This was ample time to commence suit." And the judgment of the lower court in favor of the plaintiff was reversed because the action was not begun within the time limited. It will be observed that the "ample time" was 25 days. This case has never been overruled. The later case of Case v. Sun Ins. Co., 83 Cal., 477, is distinguished from this case by the court, the time having been occupied by the claimant in performing the conditions of the policy, presumably with reasonable diligence, until three months after the twelve months' limitation had expired.

Lentz v. Fire Ins. Co., 96 Mich., 445, was an action on a policy of fire insurance making any loss payable sixty days after proof of the same, and limiting the time for bringing suit to "six months next after the loss shall occur." An action brought six months and twelve days after the fire which caused the loss, the court held to be barred, following Law v. Accident Assn., 94 Mich., 266, and distinguishing Voorheis v. Benefit Society, 91 Mich., 469.

Chandler v. St. Paul Fire and Marine Ins. Co., 21 Minn., 85, was an action on a policy of fire insurance, loss insured against to be paid within sixty days after proof, and containing a limitation clause in the following words: "It is expressly covenanted by the parties hereto that no suit or action against the company for the recovery of any claim under or by virtue of this policy shall be sustained in any court of law or chancery, unless commenced within the term of one year next after any claim shall occur; and in case such suit or action shall be commenced against the company after the end of one year next after such loss or damage shall have occurred, the lapse of time shall be taken and admitted as conclusive evidence against the validity of the claim thereby attempted to be enforced, any statute of limitations to the contrary notwithstanding." The court finds in this language two inconsistent limitations, and, of course, enforces the one most unfavorable to the company whose language it is. The time "when any claim shall occur" is

held to be not earlier than when proofs are furnished, or when the company becomes liable to suit sixty days thereafter. But the time when the "loss or damage shall have occurred" is considered to be the date of the loss of the insured property by fire. So this is another case in opposition to the doctrine of the New York Supreme Court, that the word "loss" in the limitation clause of such a policy does not mean the loss of the insured by the destruction of his property, but does mean the loss to the insurer by having to pay to the insured the whole or some portion of his loss. The court says of the limitation clause quoted, "the first branch of this condition clearly sustains the plaintiff's contention. The expression 'claim shall occur' obviously means shall 'arise' or 'accrue.' No claim occurs or arises to the assured upon the mere happening of the loss. The giving of notice and the furnishing of satisfactory proofs are conditions precedent to be performed by the assured before they are entitled to claim the stipulated indemnity, and not until sixty days after the performance of the last of these conditions can their claim be enforced by suit. It is unnecessary to determine in this case whether, by the first branch of the condition, the time of limitation begins to run from the furnishing of proofs or sixty days thereafter. It would seem, however, that the claim exists when notice has been given and proofs furnished, although it is not payable until the expiration of sixty days."

With all due respect, we must suggest that if the assured had no claim, he had no occasion to give any notice or proof. To do so would put him in the attitude of saying: "I claim nothing and here is my notice and proof of the fact." To make a claim is one thing, to establish it by proof is quite another. The claim may be a thousand dollars, the recovery a hundred. The claim may never be realized at all, as a crop of wheat standing in the field will be lost unless harvested. He would be a rash man who would decline to file a claim against the estate of a decedent until after the time limited for filling claims because the debt of the decedent to him would not sooner become due and ready to bring suit upon. And it would be inaccurate at least for a court to say that

the wheat lost for want of harvesting was not wheat at all because lost and never measured. The court proceeds: "The second branch of the condition as clearly provided that unless suit is brought within one year after the occurrence of the loss, the lapse of time shall be conclusive evidence against the validity of the claim. These two limitations cannot stand together."

We have quoted at some length from this case as it differs from all the others in having the words "next after any claim shall occur" to construe, whereas others had the words "next after the loss" or "next after the fire." Were it necessary to the decision of the case at bar, we should hesitate long before concurring in the view that the claim does not arise from the loss of the property insured, and at the time of the loss. It would seem that if the assured has no just and valid claim then he never can have, and that the notice and proof required is to fix the amount he should receive in satisfaction of such claim, and to give the insurance company an opportunity to ascertain such amount and to pay it without suit. All this work is to be done upon a claim arising from the destruction by fire of the property insured, although the claim is not yet due and the amount not settled. All authorities agree that the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used; and we should again hesitate long before holding that the parties intended to introduce two inconsistent limitations in the single sentence constituting the limitation clause of this contract of insurance. Such an improbable conclusion should not be tolerated if it can be avoided by any reasonable construction of the language employed. And it seems to be clear enough that by the two expressions "in one year next after any claim shall occur," and "one year next after such loss or damage shall have occurred," the parties intended to indicate one and the same identical period of time.

The weight of authority is not, as some courts have said, in favor of the proposition that the date from which the limitation of the time for bringing action on a contract of

insurance is to run may be changed by construction. Neither is the weight of authority in favor of the proposition that such a period next after the loss or next after the fire shall mean next after the cause of action accrues. The authorities to sustain either of these propositions are comparatively few in number and conflicting and unsatisfactory in the reasons assigned. In no kind of contracts except contracts of insurance have such constructions been given to similar language, or such departures from the meaning of words been tolerated. No such construction of statutes has been made.

The decisions to the contrary effect are numerous, and they are consistent and convincing in their reasoning, because they nearly adhere to the obvious meaning of plain and unambiguous language. But could we hold that "next after the fire" or "next after the loss" means next after a cause of action accrues, it would not be decisive of the case at bar. . .

The cases of fire insurance have been discussed merely as showing how far courts have gone or refused to go in construing the limitation clauses in policies of fire insurance. But such cases are only remotely related to the case at bar. The insurance in this case was against physical injury resulting in disability or death. The limitation clause requires that any action shall be brought "within one year from the date of the happening of the alleged injury." Even the New York courts do not hold that the injury meant is an injury to the company by the accruing of the cause of action. The case of Cooper v. Benefit Association, 132 N. Y., 334, was an action on a certificate, containing a limitation similar to that in the case at bar. The court says: "The accident received by Cooper did not injure the plaintiff or give her a right of action until death ensued. So far as she is concerned the infliction of the wound is but the beginning and the death is the completion of the injury. Her suit must be commenced within one year from the date of the alleged accidental injury; in other words, within one year from the time of the injury to her, which was the death of her husband as the result of the accident." It is admitted that it is competent for the parties to a contract of insurance to re-

duce the time within which an action may be brought on such contract. It seems immaterial whether such deduction is made by cutting off some years off the end of the term, or some months from the beginning, or both; neither whether such reduction of time is made directly in express words, or by appropriating a portion of the time to other purposes, provided a reasonable time remains for bringing the suit. In the case at bar the plaintiff had more than five months in which to commence suit within the time limited after the cause of action had matured, and just eight months after the defendant company had denied its liability.

To the questions of the trial court, we answer:

1.  This action was not commenced in time, and the claim of plaintiff was barred before the commencement of the action.

2.  The limitation began to run at the death of the insured.

3.  Judgment should be rendered for the defendant.

Groesbeck, C. J., concurs. Corn, J., did not sit in this case.

---

ON PETITION FOR REHEARING.

Conaway, Justice.

No decision of the Supreme Court of the United States is cited in the brief of plaintiff as to the date from which the limitation of the time for bringing action runs under a policy of insurance such as the certificate sued on in this case. But in the oral argument on the petition for a rehearing, much stress is laid by plaintiff's counsel upon the case of Steel v. Phœnix Ins. Co. This case has been twice before the Supreme Court of the United States; first under the title of Thompson v. Phœnix Ins. Co., 136 U. S., 287. Thompson was a receiver who brought the action, and Steel, after one or two changes, succeeded to the receivership and was substituted as plaintiff in the action. The Supreme Court of the United States on this hearing declined to express any opinion upon the limitation clause of the policy,

but held that the limitation was waived by the company by accepting the premium after the fire, by assuring plaintiff that no question could be made as to the loss or its payment, and that payment would be made as soon as action could be taken.

On the second appeal it appears from an unofficial report, that a judgment of the circuit court of appeals, in favor of plaintiff, was affirmed by an equally divided court. U. S. Sup. Ct. Rep., Sr. C. P. Co., Book 38, page 1064.

The effect of such an affirmance has long been settled by the Supreme Court of the United States. In such case the court hands down no opinion, and the decision is not to be considered as settling any principle. Benton v. Woolsey, 12 Peters, 27; Etting v. Bank, 11 Wheaton, 59. This court cannot be expected to give to such affirmance by the Supreme Court of the United States greater weight as authority than that court gives it, and that court has not yet given an opinion upon the limitation clause of the policy. But we are disposed to render to the decision of the circuit court of appeals all due respect.

The case went up to the Supreme Court of the United States the last time from the circuit court of appeals, ninth circuit, McKenna and Gilbert, circuit judges, and Hawley, district judge, sitting. The action was on a policy of fire insurance limiting the time for bringing action to twelve months "next after the date of the fire" and making the amount of loss or damage payable sixty days after proofs of the same made by the assured and received by the company at the office in Chicago. The majority of the court, opinion by Hawley, hold that the twelve months' limitation does not run from "the date of the fire," but from "the expiration of sixty days after the proofs of loss were furnished." 51 Fed. Rep., 719. McKenna, circuit judge, in a dissenting opinion says: "The provision of the policy is as follows: 'It is expressly provided and mutually agreed that no suit or action * * * shall be sustainable * * * unless such suit or action shall be commenced within twelve months next after such loss shall occur.

"This provision would seem to need no interpretation in other words than its own. It is so clear and direct as to baffle attempts to make it more so." It would seem that these few words more than answer all that is said in the majority opinion upon the question of limitation, and that they are, in themselves, unanswerable.

In the case at bar the limitation is "one year from the happening of the alleged injury." This court is asked to say that this means one year and ninety days from the furnishing of proofs of such injury. It seems clear that this far transcends the bounds of construction. It is making a contract for the parties different from the contract which they made for themselves.

*The petition for a rehearing is denied.*

GROESBECK, C. J., and CORN, J., concur.