EIDE, Respondent, v. SOUTHERN SURETY CO., Appellant.

(226 N. W. 555.)

(File No. 6491. Opinion filed August 3, 1929.)

*Waggoner & Stordahl,* of Sioux Falls, for Appellant.
*Baldwin & Lyons,* of Howard, for Respondent.

FULLER, C. In suit on its "Special Automobile Accident Policy," judgment was entered below against the defendant Southern Surety Company. In this appeal from that judgment and from order overruling motion for new trial a question is as to whether respondent, the plaintiff below, may claim to have sustained injury "in consequence of being struck down or run over by an automobile." The policy issued by appellant to respondent insures the latter against:

"Effects resulting exclusively of all other causes, from bodily

injury, sustained by the insured during the life of this policy, solely through external, violent and accidental means, and which bodily injury is sustained by the insured while operating, driving, riding in or on, demonstrating, adjusting, or cranking an automobile, or in consequence of being struck down or run over, or caused by the burning or explosion of an automobile."

The evidence shows plaintiff was the postmaster at Howard. On July 9, 1924, plaintiff went out to look over a rural mail route with the mail carrier, one Grimm, riding in a Ford car driven by the carrier. The accident occurred when plaintiff was engaged in delivering a bundle of mail at a rural mail box. Plaintiff's testimony, as restated by appellant in its brief, is as follows:

"Just as I was stepping out of the car, it back fired or something, anyway it moved up a couple of feet, probably not any more, so that the edge of the seat caught me and pulled me around, and I lit on my back on the ground. I got up to get out of the car, but didn't get out. I hadn't got out yet when the accident happened. I started to get out and he moved up just as I was getting out of the car and knocked me over the edge. It was a Ford touring car. I had opened the door and was about to get out. I had my right foot on the running board. I tripped and fell on my back on the ground. The only way I can explain it is that I had rubber heels. My foot kind of stuck on the running board and didn't turn as I was turning, that is about the way. When the edge of the seat hit me, my foot kind of stuck to the running board, and I was wheeled around on my back off of the car. The door opens to the front. It wasn't the door of the car which struck me. I fell away from the car."

Respondent argues that the surety company was liable, under its policy, for the reason that the injury occurred while respondent was "riding in an automobile." But the complaint charges only an injury from being "either struck or run down by an automobile," and a finding of fact, made by the court after discharge of the jury, bases the liability of appellant upon that ground. Appellant calls attention to the policy clauses reading thus:

"Compliance on the part of the insured and beneficiary with all the provisions of this policy is a condition precedent to recovery hereunder and any failure in this respect shall forfeit to the company all right of indemnity. * * * Written notice of injury

upon which claim may be based, must be given to the company within twenty days after the date of the accident, causing such injury. In event of accidental death, immediate notice thereof must be given. * * * The company, upon receipt of such notice, will furnish to the claimant such forms as are usually furnished within fifteen days after the receipt of such notice. The claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made. * * * No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy."

In view of these provisions, the contention is first made that appellant received no preliminary notice of the accident, nor proof of loss, sufficient to support recovery; that appellant was not advised that respondent's claim was for being struck down by an automobile until the complaint in this action was served. It is admitted, however, that, on July 11, 1924, a letter was mailed to appellant company by respondent's attorneys, "notifying the company that Mr. Eide had suffered a fractured leg, and asking that proofs of claim be forwarded." And, on July 14, 1924, appellant's claim examiner mailed the following letter to respondent:

"We are advised that you were recently injured in an auto-, mobile accident. We attach a preliminary blank for completion by yourself and attending physician. This should have your best possible attention so we may proceed with the handling of your claim.

"Permit us to observe that if you have a legitimate claim it is wholly unnecessary for you to spend money for the services of any attorney in order to collect. If the claim is of doubtful validity and leads to an argument, it is of course not only proper but entirely right for you to consult any person supposedly competent to collect it."

About the last of July, 1924, respondent personally filled out a proof of loss blank furnished by the company, and mailed the same to appellant. The policy provision, as it has been seen, required that the proof of loss cover "the occurrence, character, and extent of the loss for which claim is made" and a certain question and answer, in this proof of loss, reads as follows:

"9. Give details. Delivering mail—tripped on door of car while delivering the mail."

With respect to any injury sustained by plaintiff from being struck with an automobile, appellant argues that there was no sufficient notice or proof of loss given; while, with respect to any claim that respondent was injured while riding in an automobile, appellant maintains that an injury sustained while getting out of a car is not such an injury within the meaning of its policy.

■ As to the preliminary notice, it is clear that a policy provision requiring notice of injury, upon which claim may be had, to be given the company in twenty days after the accident, does not further obligate the insured than to the giving of notice of the fact of accident and injury. The obvious purpose of such a requirement for notice, as distinguished from proof of loss, is to afford the insurance company prompt and timely opportunity to make such investigation as it may desire to make. Joyce on Insurance (4th Ed.) § 3333b.

■ ■ The provision for "written proof concerning the occurrence, character and extent of the loss" should be construed rather against than in favor of the insurer. Id. § 3275. Such a provision does not bind the insured to any technical strictness in complying therewith. A statement in the proof of loss that the insured "tripped on door of car while delivering mail" is a substantial compliance with a requirement in the policy for a statement "covering the occurrence." In making proof of loss, appellant was not obliged to describe the occurrence in the technical manner of a pleading, to use language of the policy for the purpose of that description, nor to elect upon which of the clauses in the policy the claim might be made. And the defendant, having failed to make objection to the sufficiency of the proof of loss, may not do so for the first time at trial Miller v. Hartford Fire Ins. Co., 70 Iowa, 704, 29 N. W. 411, 413. This conclusion, it would seem, should be particularly reasonable in a case where the insurance company, prior to the making of the proof of loss, informs the claimant that "it is wholly unnecessary for you to spend money for the services of any attorney in order to collect." This proof of loss is quite as complete as a layman, unaided by legal advice, might be reasonably expected to make it.

■ By motion for directed verdict the appellant raised the

objection below, and argues here, that the evidence is not sufficient to establish injury to respondent from being "struck down by an automobile." To agree with appellant in this contention, we must consider that the insured, under the provisions of the policy above stated, may not be struck down by the particular car in which he is riding, or from which he may be attempting to alight. Nothing in the policy, or in the rules of evidence applicable to its consideration, may lead to such a view. When the automobile in which plaintiff had been riding jerked forward as he attempted to alight therefrom, with the edge of the automobile seat striking him and knocking him to the ground, the injury which resulted may be considered as one sustained from being "struck down by an automobile" within the terms of the foregoing policy.

The judgment and order appealed from are affirmed.

POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.

SHERWOOD, P. J., absent.