## NANCY M. VOORHEIS v. THE PEOPLE'S MUTUAL BENEFIT SOCIETY OF ELKHART, INDIANA.

*Life insurance—Conflict of laws—Action on policy—Limitation—Waiver.*

1. Where an application for life insurance in a foreign insurance company is made in Michigan, but, under its by-laws indorsed on the policy, is non-operative until approved by the home medical director, and from which it is also apparent that no binding contract was to be consummated until such approval and the payment of the membership fees at the home office; and it is further provided in the blank form for membership, signed by the insured, that the contract of insurance shall be considered as entered into at the place where such office is located, and shall be governed by, and construed in accordance with, the laws of the state in which the corporation resides, the contract will be treated as one made in the last-named state.

2. The time limited in a policy of insurance for bringing suit does not commence to run until after the cause of action accrues, which is not until after proofs of loss are furnished, which period is held to have been extended so as to cover this suit by reason of continued negotiations for and overtures by the defendant looking to a settlement.

Error to Kalamazoo. (Buck, J.) Argued April 19, 1892. Decided May 6, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*George H. Southworth* (*R. S. Lockton,* of counsel), for appellant.

*Osborn & Mills,* for plaintiff.

LONG, J. This action was brought upon a life insurance policy issued by the defendant company upon the life of Mary Kelley, now deceased. The plaintiff and

| 91 | 469 |
| 94 | 268 |
| 91 | 469 |
| 96 | 447 |
| 91 | 469 |
| d107 | 66 |
| 91 | 469 |
| d118 | 72 |
| 91 | 469 |
| 122 | 616 |
| 91 | 469 |
| s51NW1110 | |
| d129 | ²38 |
| 91 | 469 |
| 136 | ²45 |
| 91 | 469 |
| 141 | ²484 |

Hattie Cook, the daughters of Mary Kelley, are the beneficiaries named in the policy. Hattie Cook assigned her interest in the policy to the plaintiff.

The benefit certificate issued by the company bears date July 10, 1888, and on June 5, 1889, Mary Kelley died. June 10, 1889, notice of her death was forwarded to and received by the defendant company. These proofs were returned as incomplete June 12, and completed proofs were furnished July 30 following. On September 9, 1889, defendant notified plaintiff's agent that it would contest its liability, and continued negotiating with the parties until October 31, 1889, when it caused a letter to be written offering to pay $42, by way of compromise, and stated that the company had became reasonably well satisfied that the plaintiff and Mrs. Cook did not willfully intend to defraud the company. The offer of compromise was declined, and, after further correspondence, negotiations between the parties ended. March 27 Mrs. Cook assigned her interest in the certificate of insurance and all her claims against the defendant company to the plaintiff. Suit was brought March 28, 1890. The defendant pleaded the general issue, and gave notice:

1. That the policy was issued " in pursuance and in consideration of, and in reliance upon, certain . material express conditions, agreements, stipulations, and warranties contained in the application for said policy, together with the declarations, representations, and answers to the questions contained in said application, and that each and every of the warranties and stipulations, declarations and representations and answers to questions in said application contained, were materially false and untrue, and false and untrue in every part and portion thereof, and by the said Mary Kelley and Nancy M. Voorheis and Hattie E. Cook known to be false and untrue at the time of making the same, and each and every of them."

2. That the policy issued was a Michigan contract,

and void under and by virtue of the laws of the State of Michigan.

3. That the policy was issued upon express conditions and agreements mentioned in the by-laws of the company printed on the back thereof, and that one of the by-laws so printed was that no suit or action against the company should be sustainable in any court of law or chancery unless such suit or action should be commenced within nine months next after the death of the person insured, and that this suit was not commenced within that time.

On the trial the plaintiff had verdict and judgment for $224.

'Defendant brings error.

The defendant company is a corporation organized under the laws of the state of Indiana, and having its principal office at Elkhart, in that state, and by its by-laws purports to insure "any person between fifty and eighty-five years of age, of sound mind and body and in good health." The application for the insurance was made and signed by Mary Kelley, July 3, 1888, in the presence of the local agent of the company at Kalamazoo, this State. Her age is stated therein at 71 years. Upon the back of this application is indorsed the certificate of her medical examiner, bearing the same date. This application and certificate of examination are indorsed, "Approved July 10, 1888," by the medical director of the defendant company. Upon this application, medical certificate, and approval by the medical director of the company, the benefit certificate issued, signed by the president and secretary of the company, and dated at its office in Elkhart, county of Elkhart, state of Indiana, July 10, 1888.

Section 12 of the by-laws provides:

"The membership fee is payable at the time the application is written, and will be refunded if the application is declined."

Section 6 provides that the board of trustees shall appoint from their number, among other officers to be chosen, a medical director. By section 25 all assessments are made payable at the home office of the company at Elkhart, Ind., and no payment to any agent or collector is to be binding on the company until received and accepted by the company at its home office.

Defendant's counsel in their brief discuss the questions, which they raise under four general heads:

1. That the policy was void, because issued in the State of Michigan upon the life of a person of an age whereon a policy is directly forbidden by statute.

2. That no insurable interest was shown to have existed in plaintiff (or her joint beneficiary) in the life of the insured.

3. That, if any recovery upon this policy could be had, it could only be in behalf of the heirs of Mary Kelley under the statute.

4. That, in the policy or certificate, the period within which action might be brought to recover upon the policy was limited to nine months from the death of the party insured, which period had more than elapsed at the time the action in this case was commenced.

There might be some force in the position taken by defendant's counsel under their first proposition, if the policy were to be regarded as a Michigan contract. It is true that the application was taken in Michigan; but by the by-laws indorsed upon the policy it could have no force until approved by the medical director at Elkhart, Ind., and it is apparent from other provisions of the by-laws that no contract was to be consummated which should be binding upon the defendant company until the membership fees were paid to the company, and the application approved by the company at its home office; and, that no mistake might occur as to where the contract was to be regarded as having been executed and consummated, the defendant company provided in its

blank form for membership, which was furnished to Mary Kelley and signed by her, the following: "It is further agreed that this contract shall be considered as having been entered into at Elkhart, Ind., and shall be governed by, and construed in accordance with, the laws of said state;" yet, in the face of this provision of the by-laws and this stipulation in the application for the insurance, counsel for defendant contend that the contract is to be construed as a Michigan contract, and not one made and consummated in the state of Indiana, and that by the Michigan statute the contract would be absolutely void.

The court very properly held that the contract was consummated in Indiana. There was no proof offered tending to show that the contract was void under the laws of Indiana. The statutes of Indiana were not offered in evidence on the trial, and at the common law the contract would be valid. We must regard the contract, therefore, as binding upon the defendant company.

We think there is no force whatever in the second proposition. By the insurance policy, Mary Kelley, the insured, became a member of the defendant company. The beneficiaries named in the certificate were two of the daughters and heirs at law of Mary Kelley. By the by-laws of the company, being children of the insured, they had a right to be named as beneficiaries in the policy. They had such an insurable interest that clearly, by the terms of the contract, they had a right to recover. *Association v. Houghton*, 103 Ind. 286 (2 N. E. Rep. 763); *Amick v. Butler*, 111 Id. 578 (12 N. E. Rep. 518); *Fairchild v. Association*, 51 Vt. 613.

The third proposition of defendant's counsel we need not discuss, as the contract was made in Indiana, and by the terms of the contract the plaintiff had a right to recover.

As to the fourth point raised, we think the company is not in a position to take advantage of the fact that the suit was not brought within nine months after the death of Mary Kelley. Twenty-three days more than that time had elapsed when the suit was actually commenced; but the company had during that time made overtures for settlement of the claim. The company did not notify plaintiff that it would contest its liability until late in September, and continued negotiating until November. The time limited for the commencement of the action could not commence to run until after the cause of action accrued, and the action did not accrue until after the furnishing of the proofs of loss. But beyond this time it was extended by the negotiations for settlement and overtures made by the defendant company looking to a settlement. The company could not delay the party entitled to bring suit by promises of payment and overtures for settlement beyond the period fixed for bringing the suit, and then set up in its defense that the action was not brought within the limit of time stated in the contract. The court very properly charged the jury:

"That, until after negotiations ceased, the law would not compel the bringing of the suit, and that period of time would have not only to be excluded, but that would excuse the bringing of it within nine months."

We think this instruction was correct, as applied to the facts in this case. We find no error in the record.

The judgment must be affirmed, with costs.

The other Justices concurred.