THEODORE V. LAW v. THE NEW ENGLAND MUTUAL ACCIDENT ASSOCIATION.

*Insurance—Conditions of policy—Limitation of time for bringing action.*

Where an accident insurance policy provides that no suit shall be brought, or arbitration required, to recover any sum, unless commenced within one year after the injury, and more than five months elapse, after the assured is fully advised that the company refuses to pay or arbitrate the claim, before the expiration of the year, a suit thereafter brought is barred by the provision cited, unless it has been waived by the company; citing *McIntyre v. Insurance Co.*, 52 Mich. 189; *Gould v. Insurance Co.*, 90 Id. 302; *Voorheis v. Society*, 91 Id. 469; *Steele v. Insurance Co.*, 93 Id. 81.

Error to Wayne. (Hosmer, J.) Argued December 2, 1892. Decided December 22, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*John D. Conely,* for defendant.

DURAND, J. This suit is brought upon a certificate of insurance issued by the defendant company to the plaintiff, by the terms of which it agreed to pay him certain specified sums of money in case he suffered personal bodily injuries of a certain character, mentioned in the certificate, at any time during its life.

During the life of the certificate or policy, and on April 9, 1890, the plaintiff was injured to an extent which partially prevented him from practicing his profession as a physician for a period of about four weeks. The plaintiff notified the defendant of the accident, which made an

examination into the facts, and a correspondence was had between the parties in relation to the subject-matter, extending until November 4, 1890, at which time the defendant, through its agent, practically declined to pay, and informed the plaintiff that "perhaps it would be better to let the courts decide this matter." On December 18, 1890, plaintiff began a suit in justice's court to recover upon the certificate against the defendant, which is a foreign corporation; and on January 12, 1891, the suit was quashed, on the ground that a justice's court summons could not be lawfully served upon a foreign corporation. Nothing further was done by the plaintiff in reference to the enforcement of his claim until June 15, 1891, when this suit was begun.

The certificate contained a clause as follows:

"And no suit or proceeding at law or in equity shall be brought, or arbitration required, to recover any sum, unless the same is commenced within one year from the time of the alleged accidental injury."

Upon the trial the circuit judge directed a verdict for the defendant on the ground that the action was not begun within a year after the accident occurred, as required by the policy. The plaintiff claims this is error.

We do not agree with this contention. As early as November 4, 1890, the plaintiff was fully advised that the defendant would not pay the claim, and all attempts looking towards an arbitration or settlement of it ceased. This left the plaintiff upwards of five months within which to have brought his suit and been strictly within this provision of the policy. This he did not do, but waited for upwards of two months after the time within which the suit should have been brought had expired before bringing it. The defendant had not misled him, or done anything which can be construed into a waiver of the substantial right expressed in the policy, and which required the suit

to be brought within a year after the alleged accidental injury. Under these circumstances, we think that the suit should have been brought within the year specified, and that, not having done so, the plaintiff lost his right to sue, under the principle recognized in the following cases: *McIntyre v. Insurance Co.*, 52 Mich. 189; *Voorheis v. Society*, 91 Id. 469; *Gould v. Insurance Co.*, 90 Id. 302; *Steele v. Insurance Co.*, 93 Id. 81.

As this disposes of the case, nothing else will be considered.

The judgment is affirmed, with costs.

The other Justices concurred.