HENRY C. LENTZ v. THE TEUTONIA FIRE INSURANCE COMPANY.

*Fire insurance—Action on policy—Limitation.*

Where, by reason of the refusal of an insurance company to pay a loss, a policy-holder becomes entitled to bring a suit, without furnishing proofs of loss, four months prior to the expiration of the time limited in the policy for commencing a suit thereon, and which is the earliest day at which he could have brought suit had he furnished such proofs, a suit thereafter brought is barred, unless the limitation clause has been waived by the company; citing *Law v. Accident Association*, 94 Mich. 266.

Error to Lenawee. (Lane, J.) Submitted on briefs June 7, 1893. Decided July 25, 1893.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*J. C. Winne,* for appellant.
*Wood & Bird,* for defendant.

MONTGOMERY, J.   Action on a policy of insurance.   The loss is alleged to have occurred on the 23d of October, 1889.    Three grounds of defense were urged in the court below:

1. That the property burned was not covered by the policy.

2. That no proofs of loss were furnished.

3. That the suit was not commenced within the time limited by the policy.

The circuit judge directed a verdict for the defendant on the ground that the policy did not cover the property burned.   The record contains the substance of all the testimony.   If it appears that there is any conclusive reason why no recovery should be had, the judgment should not be disturbed.   *Dunning v. Calkins,* 51 Mich. 556; *Monaghan v. Insurance Co.,* 53 Id. 238.

The policy contains a provision that—

" No suit or action upon this policy shall be sustainable in any court of law    *    *  .  *    unless such suit or action shall be commenced within six months next after the loss shall occur."

The suit was not instituted until the 5th day of May, 1890,—6 months and 12 days after the fire.   This delay operates to bar recovery, unless it is excused by the act of the company.   This is claimed by the plaintiff.  It appears that the adjuster of the company called upon the plaintiff, in company with the local agent, shortly after the fire, and, as the plaintiff testified, then agreed to pay him $25 by way of compromise; but on the 22d day of December he was informed by the local agent that the company denied any liability, the agent at that time offering to credit him $12.50 as a premium on a new policy of insurance.   This he declined to accept.   He now treats the repudiation of liability as excusing him from furnishing any proofs of loss, and justifying an action on the policy.   Assuming that he is right in this contention, it unfortunately demon-

strates that he was not delayed in bringing suit by the negotiations. Had he furnished proofs of loss the day the fire occurred, the company would have been entitled to 60 days within which to make payment, by the terms of the policy. He could not, therefore, have brought suit earlier than December 22. He now brings suit without furnishing proofs of loss, on the claim that the company's refusal to pay waived such proofs. This he was entitled to do on December 22, the earliest day at which he could have brought suit had he furnished proofs. This distinguishes the case from *Voorheis v. Benefit Society,* 91 Mich. 469, and brings the case directly within the ruling in *Law v. Accident Association,* 94 Mich. 266.

Judgment affirmed, with costs.

The other Justices concurred.