## SHACKETT *v.* PEOPLE'S MUTUAL BENEFIT SOCIETY.

MUTUAL BENEFIT ASSOCIATIONS—LIMITATION OF TIME FOR BRING-
ING SUIT—ESTOPPEL.

> A provision in a benefit certificate, requiring suit to be brought
> within nine months after the death of the member, is opera-
> tive, where all negotiations relating to a settlement were
> terminated by a denial of liability on the part of the company
> within 45 days after the death of the insured.  *Voorheis* v.
> *People's Mut. Ben. Soc.*, 91 Mich. 469, distinguished.

Error to Wayne; Donovan, J.   Submitted October 25,
1895.   Decided November 5, 1895.

*Assumpsit* by Mary L. Shackett and another against
the People's Mutual Benefit Society upon a certificate of
membership in the defendant association.   From a judg-
ment for plaintiffs, defendant brings error.   Reversed.

*A. G. Pitts* and *O. M. Leonard,* for appellant.

*William Look (Edward Minock,* of counsel), for appel-
lees.

HOOKER, J.   The plaintiffs recovered a judgment
against the defendant upon a certificate of membership
in the defendant company, from which the defendant has
appealed.   Several questions are discussed, but we find
it necessary to deal with but one.

The contract provided that—

" In the event of the death of the person herein insured,
notice of the same must be sent to the society within
sixty days from the date of said death, upon the receipt
of which a blank proof of death will be forwarded by the
society; and no suit or action against the society for the
recovery of any claim upon, under, or by virtue of this
certificate shall be sustainable in any court of law or
chancery unless such suit or action shall be commenced

within the time of nine months next after the death of said person herein insured shall have occurred."

Mr. Butler, the insured, died on July 2, 1892. The declaration was filed April 11, 1893, the rule to plead being duly entered upon that day. This was nine months and nine days after the death of Butler, and therefore not within the period limited by the certificate within which action could be brought.

It is contended that some of the time intervening between the time of Butler's death and the filing of the declaration was consumed by negotiations, and that under the decision in the case of *Voorheis* v. *People's Mut. Ben. Soc.*, 91 Mich. 469, the time would not begin to run while the parties were negotiating on the subject of an adjustment of the loss. In that case the conduct of the defendant was held to estop it from setting up the limitation. In the present case the last letter written by the defendant was dated August 16, 1892, which contained a refusal to pay, upon the ground of misrepresentation. No further negotiations were had. The long period intervening between that time and the commencement of the action is an answer to the claim of estoppel, and the case is governed by the rule laid down in the cases of *Law* v. *New England Mut. Accident Ass'n*, 94 Mich. 266, and *Lentz* v. *Teutonia Fire Ins. Co.*, 96 Mich. 445.

The judgment must be reversed, with costs of both courts. No new trial will be ordered.

The other Justices concurred.