SAMBERG *v.* AMERICAN EXPRESS CO.

1. APPEAL—WRONG REASON FOR RIGHT JUDGMENT.
   A correct judgment will not be reversed because a wrong reason was given.

2. CONTRACTS—SIGNATURE—ERASURE.
   A line drawn through the signature to an instrument cancels the signature.

3. WRITTEN INSTRUMENTS—ALTERATIONS—BURDEN OF PROOF.
   The party producing an instrument has the burden of explaining an alteration appearing on its face.

4. EXPRESS COMPANIES—TRAVELERS' CHECKS—SIGNATURES.
   A traveler's check issued by an express company is not payable to a third person unless it is countersigned in the manner agreed upon.

Case made from St. Clair; Law, J. Submitted January 12, 1904. (Docket No. 24.) Decided June 7, 1904.

*Assumpsit* by Ralph Samberg against the American Express Company on a traveler's check. There was a judgment for defendant, and plaintiff assigns error. Affirmed.

*Atkinson & Atkinson (Moore & Brown,* of counsel), for appellant.

*Cady & Crandall,* for appellee.

MOORE, C. J. The plaintiff sued upon the following agreement:

THE
AMERICAN EXPRESS COMPANY
Traveler's Cheque

When countersigned
below with this signature
A. J. Townsend                                    —July 29, 1902.—
          The American Express Company
          At its Paying Agencies
Will pay to the order of ____ _____ $50.00
          (Safety and Dispatch)

---

{ In United States and Canada                    .
{                     Fifty Dollars                                    }

---

Countersigned:   (See signature above)
                    —A. J. Townsend.—

                              CHAS. G. CLARK,
                                    Treasurer.

Written on the back as follows:

For identification of Ralph Samberg.
RALPH SAMBERG.                          S. L. MERRIAM.

The plaintiff's account of how he became possessed of this check is as follows:  He testified that A. J. Townsend was indebted to him; that Townsend was at Mt. Clemens, and he urged him to make a payment, and that he gave him the sum of $90; that the plaintiff told him he had more, and Townsend handed over to him a little pocket-book, in which there was a blank check and this express order, and—

"I looked at that and said, 'This is good, all right enough;' and he said it was not any good.  'Then,' so I says, 'if it is not any good, you might as well burn it up;' and I went to get a match out of my pocket and touch it. He grabbed my hand and says: 'No; it is all right.  You can get the money on it.'  So then I took the check and put it in my pocket, and went to Detroit with it."

He testified that he knew the handwriting of Townsend, and that the name " A. J. Townsend," where it appears on the check, is in the handwriting of Mr. Townsend, and that the face of the check is in the same condition it was when he got it.  No other witness was sworn.  The de-

fendant refused to pay the check, and this suit was brought.

When the testimony was all in, a motion was made for a judgment in favor of the defendant for several reasons, —among others, for the reason that the check had not been countersigned as required in the contract. The court found, as a matter of fact, that plaintiff lawfully acquired possession of the instrument, with the intent on the part of Townsend to pass to him all the title that Townsend had, but found, as a conclusion of law, that the paper was a promissory note made payable to order, and not indorsed, and plaintiff was not, because of the verbal assignment, entitled to maintain the suit in his own name.

Counsel for appellant say the paper is not a promissory note, because it lacks certainty, and that plaintiff could maintain the action in his own name. We do not deem it necessary to discuss whether this is a promissory note. We have repeatedly held that, where the trial court has entered a correct judgment, it will not be reversed because a wrong reason was given. *Lentz* v. *Insurance Co.*, 96 Mich. 445 (55 N. W. 993).

We have quoted all the material testimony of the plaintiff as to the circumstances under which he became possessed of this check. From that testimony it appears the signature of Mr. Townsend had a line drawn through it when the check came into plaintiff's possession. We may take notice that this is the usual way of erasing or canceling a word. No testimony is given why this line was drawn through the signature, and that its purpose was not to cancel it. The court has recognized that an erased signature is as though there had been no signature. *Stewart* v. *Bank,* 40 Mich. 348. It has been held that if, on the production of an instrument in court, it appears to have been altered, the party offering it must explain this appearance (1 Greenl. Ev. § 564); that such alterations discredit the instrument unless removed (*Henman* v. *Dickinson,* 5 Bing. 183; *Gillett* v. *Sweat,* 6 Ill. 475).

Checks of a like character to this one have come into

very general use, especially by travelers. They are an ingenious, safe, and convenient method by which the traveler may supply himself with funds in almost all parts of the civilized world, without the hazard of carrying the money on his person. The company has the right to refuse to pay when the check does not bear the countersign agreed upon. The owner of the check also has the right to insist it shall not be paid when it is not countersigned as agreed. This check was not so countersigned, and for that reason defendant was entitled to a judgment in its favor.

Judgment is affirmed.

The other Justices concurred.