ANTONIO VENDITTO, APPELLANT, v. SPRATT'S PATENT (AMERICA), LIMITED, RESPONDENT.

Submitted May 11, 1934—Decided October 2, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the appellant, *Gaetano M. Belfatto.*

For the respondent, *Burtis S. Horner* and *Walter F. Waldau.*

The opinion of the court was delivered by

PARKER, J.   The appeal is from an "order" entered in the Essex Pleas December 28th, 1933, "dismissing the complaint" in the cause.   This we view as a striking out of the complaint pursuant to section 15 of the Practice act of 1912 as amended by *Pamph. L.* 1928, *p.* 306.   That section provides that plaintiff "may after final judgment, appeal from such order."   We find no final judgment returned in the printed book, and this should normally lead to a dismissal of the appeal.   *Lully* v. *National Surety Co.,* 106 *N. J. L.* 81; *Salmons* v. *Rugyeri,* 103 *Id.* 596; *Van Hoogenstyn* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *Id.* 189.

Passing this, and to terminate if possible a controversy apparently without merit, we note the factual situation and our views thereon.   The dispute arises out of a scheme of "group policy" life insurance.   *Pamph. L.* 1927, *p.* 105.   The facts admitted are that in 1929 defendant held group policy G 2875 in the Prudential Insurance Company of America, insuring for one year the lives of defendant's employes, of whom plaintiff's deceased husband, Guiseppe Venditto, was one.   Each employe contributed sixty cents per month to the premium, and the employer paid the remainder.   Venditto, like other employes, had his individual "certificate" num-

bered one hundred, based on, and expressly referring to the main policy. This certifies, among other things, that the Prudential Company in accordance with and subject to the terms of G 2875 has insured the life of Venditto "an employe included in the said group" for $1,000; beneficiary, Antonia, wife. Insurance payable on receipt of due proof of death "while the insurance on the life of said employe is in force." There was the further provision that "the insurance on the life of said employe shall automatically cease and determine upon termination of the employment of said employe with the employer, except that at the option of the employer said employe if temporarily laid off, on leave of absence, or temporarily disabled, shall during said period be considered as in the employe of the employer." Then follows a provision that after such termination, and within thirty-one days, the employe may without examination take out individual life insurance at the usual rates for that class of insurance. The affidavits indicate that the cost of this to Venditto would have been from $60 to $70 per year on a policy of the same amount, viz., $1,000.

The main and subordinate policies were dated December 5th, 1929, for the term of one year, and renewable annually for a year in each case. They were renewed in December, 1930, and December, 1931, Venditto continuing as an employe. But in August, 1932, he became ill, and after August 26th did no work for the defendant. The plaintiff's case rests on the claim that notwithstanding these facts, his employment had not "terminated." It appears that his monthly payments toward the insurance were due on the 15th of each month, and that the payment of November 15th, 1932, was made. He died December 12th, 1932. The employer had (according to the affidavits) struck his name from the roll of employes about November 16th, and notified the company to cancel his insurance as of December 5th, which was apparently done. It is further deposed that Venditto was notified of this in advance and was advised to take out individual insurance but did not do so.

There are indications in the state of the case that plaintiff

made a claim on the insurance company, and the claim being rejected, brought suit which resulted unsuccessfully. The present suit, as may have been observed, is not against the insurance company, but against the employer. The complaint charges an agreement whereby defendant in consideration of sixty cents per month premium agreed to "insure" Venditto's life (*i. e.*, take out insurance thereon) under a group policy for a year from December 5th, 1929; that this was renewed for a year in 1930 and for another year "until December 5th, 1932." So reads the complaint. It then charges that "on December 10th, 1932, while said policy * * * was in full force and effect, and Guiseppe Venditto was still in defendant's employ, the defendant, unlawfully and without right, caused the policy to be canceled" by the company; and that the company, on demand after Venditto's death, refused to pay.

The case does not exhibit any opinion of the Court of Common Pleas in overruling the complaint but under the settled rule it is the judicial action that is under review rather than the reasons that prompted it. We think such action was correct, and mainly for the reason that the claim of the complaint that the policy was wrongfully canceled by defendant "while in full force and effect," is not sustained, either by the proofs or by the allegations of the complaint. Clearly, from the latter, the agreement was to obtain insurance for one year, and that was done. Assuming that the renewals were by agreement between the parties founded on valid consideration, it is plain that the second renewal expired December 5th, 1932, and there is no averment of a third renewal or of an agreement to renew. Here the plaintiff necessarily places herself on the ground that the group policy, which is read into the employe's certificate, contained a clause that "in the payment of any premium under this policy except the first, a grace of thirty-one days without interest will be allowed, during which time the policy will remain in force;" and that this had the effect of continuing the second renewal for thirty-one days after its expiration date and kept Venditto's insurance in force over the date of his death. But we cannot

so read the clause. The policy was a term policy, for one year, expiring December 5th, and that ended the matter. The group policy provided that the payments by the employer to the company were to be made monthly in advance, but however they were to be made, the obvious intent of the clause is to avoid a forfeiture of the policy during the term for delay in paying premium not extending over more than thirty-one days.

What defendant did was to let the group policy expire by limitation as to Venditto, whom it considered, rightly or wrongly, to be no longer "employed." Defendant had the right to allow such expiration: so far as appears, defendant was under no obligation to renew. With this, neither the thirty-one-day grace to pay premium nor the thirty-one days allowed a former employe had anything to do.

We conclude that the complaint was properly struck out. As to the affidavits submitted for plaintiff so far as they refer to the insurance company, they are irrelevant here; and so far as they refer to defendant they are incompetent, as they undertake to show declarations by employes of defendant, none of whom was shown to have any authority to make admissions binding on the employer. *Huebner* v. *Erie Railroad Co.*, 69 *N. J. L.* 327; *King* v. *Atlantic City Gas Co.*, 70 *Id.* 679; *Hayes* v. *Jersey City, &c., Railway Co.*, 73 *Id.* 639.

The appeal will be dismissed.