HALL *v.* METROPOLITAN LIFE INS. CO.

1. INSURANCE—GROUP POLICY—LIMITATION OF ACTIONS.
    Action for total and permanent disability benefits under group life insurance policy *held*, barred where not commenced within two-year period as required by policy.

2. SAME—PROOF OF DISABILITY—WAIVER—LIMITATION OF ACTIONS.
    While employer's refusal to furnish blanks to employee for report as to claimed total and permanent disability benefits may have amounted to waiver of proof of disability, such refusal did not waive insurer's group policy provision that action therefor must be commenced within two years from time proof of disability was required to be filed.

Appeal from Genesee; Black (Edward D.), J. Submitted October 9, 1935. (Docket No. 31, Calendar No. 38,553.) Decided January 6, 1936.

Assumpsit by Cora Hall against Metropolitan Life Insurance Company, a foreign corporation, for benefits due under a group insurance policy. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*R. M. VanDyne,* for plaintiff.

*Cook & Stipes,* for defendant.

TOY, J. On May 2, 1934, plaintiff commenced this action in assumpsit to recover the sum of $2,000, which she claimed was due her as beneficiary of her deceased husband, Robert Hall, under a group insurance policy (No. 3200-G), between the defendant and the General Motors Corporation, its divisions and subsidiaries.

Plaintiff's deceased husband was employed by the Chevrolet Gray Iron Foundry, a division of the General Motors Corporation, and while so employed, and on October 26, 1928, he made application for group life insurance with temporary and permanent disability benefits, which was granted, and certificate No. 129315 was issued to him.

The certificate provided that under the provisions of the group policy:

"Any employee shall be considered totally and permanently disabled who furnishes due proof to the company that, while insured thereunder and prior to his 60th birthday, he has become so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation and performing any work for wage or profit."

Section 14 of the group policy provided that:

"Immediate written notice of sickness of, or injury to, any employee insured hereunder, must be given to the company by such employee;" and that,

"Affirmative proof of such sickness or injury must be furnished to the company within 30 days after such notice."

With reference to disability benefits, the policy provided that the insurance of the employee thereunder ceased upon termination of the employment.

Section 14 of the policy contained a further provision, that:

"No action at law or equity shall be brought for recovery under the provisions of this policy for temporary disability or total and permanent disability prior to the expiration of 60 days after proof has been filed, in accordance with the requirement of this section, nor shall such action be brought at all unless brought within two years from the expiration of the time within which such proof is required to be filed."

Robert Hall ceased his employment on July 8, 1930. "Sometime in July or August" of that year, and after his employment had ceased, Robert Hall applied to his former employer for "sick blanks," evidently for the purpose of making claim for disability benefits under the policy. He was informed by the agent of the employer that such blanks would be sent to his physician. Whether such blanks were ever sent does not appear. There was testimony that at the time deceased left his employment, he had incipient tuberculosis. There was some medical testimony bearing on his total and permanent disability. He died on January 18, 1933. After his death, plaintiff as beneficiary under the policy, through her attorney, filed proof of claim with defendant, and when it was disallowed, commenced this action.

In its answer, the defendant, among other things, pleaded that the action of plaintiff was barred, because no immediate written notice of sickness or injury was given to defendant, and because no affirmative proof of sickness was furnished defendant within 30 days after such notice should have been given the company, as required by the terms of the policy. Defendant further pleaded that:

"This cause of action is barred by the provisions of the policy which require that all actions shall be brought within two years of the expiration of the time within which proof required by section 14 of said policy 3200-G is to be filed."

At the close of proofs, defendant moved for a directed verdict, claiming as reasons therefor the matters (among others) pleaded in defense, as above set forth. This motion was denied and the case submitted to the jury on the "total and permanent disability" provision of the policy, the trial court having instructed the jury that there could be no recovery

on the life insurance phase of the policy.. The jury returned a verdict for plaintiff in the amount of $2,000, and judgment was entered thereon in that amount. Motion for a new trial was made by defendant and denied by the court. Defendant appeals.

It is not necessary to a decision of this case to discuss other claims of defendant made on appeal, for decision will turn on whether plaintiff is barred from recovering disability benefits under the group policy, by reason of not having brought action "within two years from the expiration of the time within which such proof (of sickness or injury) is required to be filed," as provided in the group policy.

The policy provided that any employee, while insured under the terms of the policy, who becomes totally and permanently disabled, shall be entitled to total and permanent disability benefits. The policy also provided that such insurance ceased when the employment terminated. Robert Hall's employment terminated July 8, 1930, therefore, as far as his disability insurance was concerned, it also ended on that date. His permanent and total disability, therefore, to entitle him to recover, must have occurred on or before that date. It is the claim of plaintiff that it did so occur. Whether or not it did so occur, it is not necessary for us to decide, for even if we assume such to be the fact, yet plaintiff is barred from right of action, because such action was not brought within two years from the expiration of the time within which proof of illness or injury was required, by the terms of the policy, to be filed. *Law* v. *The New England Mutual Accident Ass'n,* 94 Mich. 266; *Lombardi* v. *Metropolitan Life Ins. Co.,* 271 Mich. 265.

Plaintiff claimed that when the deceased applied to his employer for blanks upon which to make a report, as hereinbefore related, and the employer did

not give them to him, that such action upon the part of the employer amounted to a waiver of proof of disability. Whether or not it did, we are not here called upon to decide, for assuming that it did amount to a waiver of proof of disability, it did not amount to a waiver of the policy provision requiring action to be brought within two years from that date. *Betteys* v. *Ætna Life Ins. Co.*, 222 Mich. 626. Action was not brought until May 2, 1934, which was nearly four years after the disability is claimed to have occurred.

Defendant's motion for a directed verdict should have been granted. Judgment of the lower court is reversed, without a new trial; costs to defendant.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.