BARZA *v.* METROPOLITAN LIFE INS. CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    On appeal from judgment on directed verdict for defendant, testimony must be construed in light most favorable to plaintiff.

2. INSURANCE—GROUP POLICY—TOTAL AND PERMANENT DISABILITY BENEFITS — FURNISHING BLANKS — WAIVER — LIMITATION OF ACTIONS.
    Failure of insurer under group policy to furnish blanks for proof of total and permanent disability benefits upon request of insured does not constitute a waiver of the contract provision requiring action to be brought within two years.

3. Same—Statutes—Life Insurance—Total and Permanent Disability Benefits—Limitation of Actions.

Statutory provision prohibiting issuance or delivery of policy of life insurance in this State containing provision limiting time within which action might be brought therein *held*, inapplicable to action for total and permanent disability benefits under group policy (3 Comp. Laws 1929, § 12428).

4. Same — Total and Permanent Disability Benefits — Group Policy—Limitation of Actions.

Action for total and permanent disability benefits under group insurance policy *held*, barred where not commenced within two-year period as required by policy.

5. Same—Group Policy Part of Employee's Certificate of Insurance.

Terms and conditions of master or group policy between employer and the insurer, "under and subject to the terms and conditions" of which the certificate of insurance was issued to employee, are part of insurance contract with employee.

6. Same — Group Policy — Limitation of Actions — Estoppel—Evidence.

Evidence that insurer's local office referred insured's son to employer and that employer's "manager of group insurance policy". told insured's son that insured would have to wait three years before bringing action for total and permanent disability benefits *held*, insufficient to constitute a waiver of provision of policy limiting period within which to commence actions thereon to two years, since such an employer's agent has no authority to bind or estop the insurer especially where delay in bringing suit was not shown to have been because of what was told the son.

7. Same—Limitation of Actions—Estoppel.

Delay of over 5 years and 11 months *held*, bar to action for total and permanent disability benefits under group policy containing two-year limitation of period for commencing such action, even assuming telephonic directions to insured's son to wait three years, made by parties assumed to be acting on behalf of insurer were binding so as to estop insurer, where plaintiff waited more than five years after such conversations.

Appeal from Oakland; Hartrick (George B.), J. Submitted June 11, 1937. (Docket No. 73, Calendar No. 39,574.) Decided October 4, 1937.

Assumpsit by Simion Barza against Metropolitan Life Insurance Company and Fisher Body Corporation, corporations, on a group accident insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Sol Blumrosen,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (R. W. Rogers* and *Max L. Veech,* of counsel), for defendant insurance company.

NORTH, J. Plaintiff, a former employee of the Fisher Body Corporation, seeks in this suit to recover benefits for total and permanent disability under a group insurance policy issued by the Metropolitan Life Insurance Company. The circuit judge directed a verdict in favor of defendants. Plaintiff has appealed but complains only as to dismissal of defendant insurance company, which is herein considered as the sole defendant.

Plaintiff claims that on June 23, 1930, he was totally and permanently disabled. This suit was commenced May 28, 1936. One of the grounds upon which verdict was directed was stated by the trial court as follows:

"That the provision in the master policy to which the certificate refers, plainly stated that any action brought on the policy should be brought within two years after notice of permanent and total disability should have been furnished. Suit was not brought under the provisions and terms of this policy."

The group policy was held by the employer. Plaintiff, as one of the insured persons, held a certificate which provided:

"That under and subject to the terms and conditions of its group policy No. 3200G, Simion Barza, an employee of Fisher Body Corporation, General Motors Corporation (herein called the employer), is insured for $1,000. * * * The said group policy provides total and permanent disability benefits as described on the last page hereof. * * *

"The total and permanent disability benefits included under this plan are described on the fourth page of this certificate."

The last or fourth page of the certificate held by plaintiff reads as follows:

"Total and Permanent Disability Benefits.

"Under the terms of the group policy mentioned on page one of this certificate, any employee shall be considered totally and permanently disabled who furnishes due proof to the company that, while insured thereunder and prior to his 60th birthday, he has become totally and permanently disabled, as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit.

"Three months after receipt of such proof, the Metropolitan Life Insurance Company will commence to pay to such employee, in lieu of the payment of the insurance under said policy at his death, monthly instalments, the number and amount of such instalments to depend upon the amount of insurance in force on the life of such employee at the date of receipt of such proof, as shown in the following table: Amount of insurance $1,000; number of instalments 20; amount of each instalment $51.04."

The group policy contains the following provisions:

"Section 14.   Notice and Proof of Claims for Disability Benefits.

"(a) Immediate written notice of sickness of, or injury to, any employee insured hereunder, must be given to the company by such employee.

"(b) Affirmative proof of such sickness or injury must be furnished to the company within 30 days after such notice."

There is further provision in section 14 for subsequent proof of claim at intervals as required by the company, the signing of such proofs by the physician attending the employee, and the right of the company to examine the person claiming disability when and as often as it may reasonably require, and further that the proofs required by this section shall be upon forms furnished by the company.   Subdivision C of this section reads:

"No action at law or in equity shall be brought for recovery under the provisions of this policy for temporary disability or total and permanent disability * * * unless brought within two years from the expiration of the time within which such proof is required to be filed."

There is testimony, which for the purposes of this appeal must be accepted as true, that plaintiff's son at the father's request, notified the insurance company by letter of plaintiff's total disability.   No reply was received to this letter.   Plaintiff's son also called the local office of the Metropolitan Insurance Company by telephone, inquired of the man who answered the phone (who said he was the manager) if he had anything to do with the group policy at the Fisher, and was informed that he had to call up the Fisher Body Corporation.   This was done by plaintiff's son, and he was put in telephonic com-

munication with a man who said he was the manager of "group insurance policy at Fisher." The son testified as follows relative to the conversation:

"I says, 'My dad is sick.' I said, 'He is paralyzed.' 'Well,' he says, 'we know about that, but,' he says, 'you will have to wait several years, at least three years,' he says, 'before we can do anything about it.' And I says, 'Why?' 'Well,' he says, 'company rule.' And I says, 'Well, if we have to wait we will wait then.' "

It is the claim of appellant that under the foregoing record he is not bound by the two-year limitation within which suit may be brought as provided in the group policy.

First appellant claims that the limitation period did not begin to run because the insurer failed to furnish blanks upon which proof might be made. Such failure was not a waiver of the contract provision requiring action to be brought within two years. We so held in *Hall* v. *Metropolitan Life Ins. Co.*, 274 Mich. 196.

Next appellant contends the two-year limitation is invalid because of the following statutory provision:

"No policy of life insurance shall be issued or delivered in this State if it contain any of the following provisions: * * * Second, A provision limiting the time within which any action at law or in equity may be commenced to less than six years after the cause of action shall accrue." 3 Comp. Laws 1929, § 12428.

Appellant can claim no advantage by reason of the quoted statute because the contract provision under which he seeks to recover is one insuring against total and permanent disability, not one for life insurance. The contract limitation of two years

within which suit must be brought is applicable to disability insurance only. It is not within the quoted statutory prohibition. In a suit based upon this same policy of insurance, we have held:

"Action for total and permanent disability benefits under group life insurance policy *held,* barred where not commenced within two-year period as required by policy." *Hall* v. *Metropolitan Life Ins. Co.* (syllabus), *supra.*

See, also, *Lombardi* v. *Metropolitan Life Ins. Co.,* 271 Mich. 265.

Appellant seeks to avoid the two-year limitation for bringing suit on the ground that such limitation is embodied in the group policy only, not in the certificate held by the insured, and that the quoted portion of the certificate held by the insured was therefore misleading. But this certificate expressly provides that the holder, as an employee of the Fisher Body Corporation, is insured "under and subject to the terms and conditions" of group policy No. 3200G. There is no claim that information concerning the provisions of the group policy was not available to the insured. He could not have been more definitely informed that his insurance contract embodied "the terms and conditions" of the group policy. Appellant's contention to the contrary cannot be sustained.

"Terms and conditions of master or group policy between employer and the insurer, subject to which certificate of insurance was issued (to) employee are part of contract of insurance which death beneficiary may invoke." *Rothermel* v. *Ætna Life Ins. Co.* (*syllabus*), 275 Mich. 425.

To the same effect, see *Connecticut General Life Ins. Co.* v. *Dugas* (Tex. Civ. App.), 91 S. W. (2d) 757; *Seavers* v. *Metropolitan Life Ins. Co.,* 132 Misc. 719 (230 N. Y. Supp. 366); *Page* v. *Prudential*

*Ins. Co. of America,* 231 Ala. 405 (165 South. 388);
*Wann* v. *Metropolitan Life Ins. Co.* (Tex. Civ. App.),
41 S. W. (2d) 50; *Equitable Life Assurance Society
of U. S.* v. *Austin,* 255 Ky. 23 (72 S. W. [2d] 716);
*Baker* v. *Prudential Ins. Co. of America,* 279 Ill.
App. 5; *Ozanich* v. *Metropolitan Life Ins. Co.,* 119
Pa. Sup. Ct. 52 (180 Atl. 67, 576); *Boseman* v. *Con-
necticut General Life Ins. Co.,* 301 U. S. 196 (57 Sup.
Ct. 686, 110 A. L. R. 732).

But appellant further claims that by reason of
the facts disclosed by the testimony of the insured's
son hereinbefore quoted, defendant has waived or
is estopped from making the defense that this suit
was not brought within the two-year limitation pro-
vided in the group policy.  The most that can be
claimed for such testimony is that "several weeks"
or "about two weeks" after appellant was dis-
charged, his son wrote to the insurance company
that appellant was totally disabled and that he "de-
mands the money for the policy."  No reply was
received and the son later telephoned the local office
of defendant.  Here he was told by the one to whom
he was talking he had nothing to do with the group
insurance at the Fisher Body Corporation and that
the son should telephone the Fisher company.  The
son did this and talked to a man who said he was
the manager of the "group insurance policy at
Fishers."  The conversation hereinbefore quoted
then took place.  The son's testimony shows he had
examined and understood the insurance certificate
held by his father.  He knew of its provisions above
quoted, including the provision that three months
after proof of disability the insured was to "com-
mence to pay" the disabled employee.  The so-
called "manager of the group insurance policy" was
merely an employee of the Fisher Body Corporation
who supervised this insurance activity of the em-

ployer and its employees. He had no authority to represent the defendant insurance company incident to payment or adjustment of an insurance obligation; and his statement to plaintiff's son could not bind the defendant or estop it from invoking the limitations specified in the policy, nor, as plaintiff asserts, did such statements constitute a waiver of this policy provision. Especially is this true in view of the fact that nowhere in this record does plaintiff testify that he delayed bringing suit because of what was told his son.

In a suit against this same insurance company and presumably on a policy embodying similar, if not identical, provisions fixing the relations between the respective parties, the Supreme Court of New Hampshire said:

"There is nothing in the situation or conduct of the parties from which an implied general agency on the part of the employer to make representations or waive rights for the insurer could be found." *Duval* v. *Metropolitan Life Ins. Co.*, 82 N. H. 543, 551 (136 Atl. 400, 50 A. L. R. 1276).

For similar holdings, see *Leach* v. *Metropolitan Life Ins. Co.*, 124 Kan. 584 (261 Pac. 603); *Emerick* v. *Connecticut General Life Ins. Co.*, 120 Conn. 60 (179 Atl. 335, 105 A. L. R. 413); *Adams* v. *Metropolitan Life Ins. Co.*, 228 Mo. App. 915 (74 S. W. [2d] 899); *Ammons* v. *Equitable Life Assurance Society of the U. S.*, 205 N. C. 23 (169 S. E. 807); *Venditto* v. *Spratt's Patent (America), Ltd.*, 113 N. J. Law, 357 (174 Atl. 697); *Boseman* v. *Connecticut General Life Ins. Co.*, *supra*.

Further, the policy here in suit contains this provision:

"No agent is authorized to waive forfeitures, to alter or amend this policy, to accept premiums in arrears or to extend the due date of any premium."

In any event it is difficult to understand how appellant's theory of waiver or estoppel because of the circumstances above indicated, could work materially to his advantage. Plaintiff not only waited for the period of three years, as his son claims he was advised over the telephone, but plaintiff waited more than an additional two years thereafter.

Our conclusion is that plaintiff was bound by the two-year limitation in the group policy within which to bring suit, and that the evidence does not establish facts or circumstances barring the application of this limitation on the ground of waiver or estoppel. The ·judgment entered in the circuit court is affirmed, with costs to appellee.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.