Sidney S. GOOSEN, Trustee in Bankruptcy of Yellowstone Clinic & Hospital, Inc., Appellant,

v.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellee.

No. 12629.

United States Court of Appeals Sixth Circuit.

June 19, 1956.

Hiram Y. Popkin, Detroit, Mich., Frazer & Popkin, Detroit, Mich., on brief, for appellant.

Robert E. Fox, Detroit, Mich., Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., on brief, for appellee.

Before SIMONS, Chief Judge, MARTIN, Circuit Judge, and STARR, District Judge.

STARR, District Judge.

The appellant, trustee in bankruptcy of the Yellowstone Clinic and Hospital, Inc., a Michigan corporation (herein referred to as Yellowstone), appeals from an order of the district court dismissing his action to recover on an indemnity bond issued by the appellee, a Pennsylvania corporation (herein referred to as Indemnity).

On October 3, 1952, Indemnity issued its so-called blanket position bond whereby it agreed to indemnify Yellowstone against any loss of money or property caused by the fraud or dishonesty of its employees. Said bond provided in part:

"Section 14. At the earliest practical moment, and at all events not later than fifteen days after discovery of any fraudulent or dishonest act on the part of any Employee by the Insured, or by any partner or officer thereof not in collusion with such Employee, the Insured shall give the Underwriter written notice thereof and within four months after such discovery shall file with the Underwriter affirmative proof of loss, itemized and duly sworn to, and shall upon request of the Underwriter render every assistance, not pecuniary, to facilitate the investigation and adjustment of any loss. No suit to recover on account of loss under this bond shall be brought before the expiration of two months from the filing of proof as aforesaid on account of such loss, nor after the expiration of fifteen months from the discovery as aforesaid of the fraudulent or dishonest act causing such loss."

Upon involuntary petition Yellowstone was adjudged bankrupt February 18, 1954, and appellant was elected trustee. On January 21, 1955, he began the present action against Indemnity to recover losses in the amount of $5,100 sustained by Yellowstone through the alleged fraud and dishonesty of certain of its employees. Indemnity answered, denying liability, and also filed motion to dismiss the action on the ground that recovery was barred by Yellowstone's failure to comply with the conditions of the bond, in that (1) it had discovered the fraudulent and dishonest acts of its employees as early as June 24, or 25, 1953, but had failed to give Indemnity written notice within 15 days after such discovery; (2) that it had failed to file proof of loss within four months after such discovery; and (3) that the present action by appellant was not begun within 15 months after the discovery of said fraudulent and dishonest acts. The appellant contended that Indemnity by its acts and conduct had waived the time conditions of the bond relative to the giving of notice, the filing of proof of claim, and the beginning of suit. Following a formal hearing and arguments of counsel, the district court granted Indemnity's motion to dismiss, and appellant trustee appeals.

■ The burden was upon the appellant to establish his claim that the conditions and time limitations specified in the bond were waived by Indemnity. Reynolds v. Detroit Fidelity & Surety Co., 6 Cir., 19 F.2d 110. From the record of the proceedings before the referee in bankruptcy and from the depositions of officers, directors, and stockholders of Yellowstone it clearly appears that on June 24, or 25, 1953, or prior thereto the company had discovered and had knowledge of the alleged fraudulent and dishonest acts of certain of its employees, and that by July 14th it had detailed information regarding the misappropriation of funds by said employees. However, it did not give Indemnity written notice of such fraudulent and wrongful acts until August 7th, and it did not file proof of claim for its losses until November 11th of that year.

Appellant contends in substance that when he became trustee in bankrutcy of Yellowstone, he had no information regarding the fraudulent acts of its employees or that it had filed a claim for its losses. He further contends that Indemnity declined to give him requested information regarding the claim or the terms and conditions of the indemnity

bond in question. However, it appears that on September 1, 1954, by proceedings for examination under section 21, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, he obtained a blank form of the bond which contained the same limitations and conditions as the bond in question. He then had knowledge that suit on the bond had to be begun within 15 months of Yellowstone's discovery of the fraudulent and dishonest acts of its employees. Nevertheless, he did not begin the present action until January 21, 1955, which was many months after the expiration of the limitation period of 15 months.

Appellant makes no showing of any actual negotiations with Indemnity for settlement of Yellowstone's claim, and no showing of facts which would constitute a waiver by Indemnity of the express conditions and time limitations in its bond, or of any facts from which a waiver could be inferred. The conditions and limitations of the bond are binding upon appellant as trustee in bankruptcy of Yellowstone, and section 11, sub. e of the Bankruptcy Act, 11 U.S. C.A. § 29, sub. e, would not operate to extend the time until January 21, 1955, within which appellant trustee could begin the present action.

The law is well established that an insurer by contract provisions of its policy may limit the time within which suit may be brought on the policy. Gifford v. Travelers Protective Ass'n of America, 9 Cir., 153 F.2d 209; Reynolds v. Detroit Fidelity & Surety Co., 6 Cir., 19 F.2d 110; Barza v. Metropolitan Life Ins. Co., 281 Mich. 532, 275 N.W. 238, 112 A.L.R. 1283; Betteys v. Aetna Life Insurance Co., 222 Mich. 626, 193 N.W. 197; Dahrooge v. Rochester German Insurance Co., 177 Mich. 442, 143 N.W. 608, 48 L.R.A.,N.S., 906; Barry & Finan Lumber Co. v. Citizens' Insurance Co., 136 Mich. 42, 98 N.W. 761; Shackett v. People's Mutual Benefit Society, 107 Mich. 65, 64 N.W. 875.

In the present action the provision in the indemnity bond that suit could not be brought thereon after the expiration of 15 months from the discovery by Yellowstone of the fraudulent and dishonest acts of its employees, was a valid limitation and was not waived by Indemnity. This action was not begun until after the expiration of such limitation period and, therefore, its dismissal was proper. Other questions raised by appellant do not require consideration.

The order of the district court granting appellee's motion to dismiss is affirmed.